HOWARD M. MOAT *vs.* MAUDE T. MOAT & others.

Franklin. September 21, 1938. — November 28, 1938.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & RONAN, JJ.

*Trust,* Resulting. *Equity Pleading and Practice,* Appeal; Master: findings.

No appeal lies from an order for final decree in a suit in equity.

A master's conclusion stated by him to be based solely on the subsidiary findings reported is open to revision by this court on appeal.

There was no resulting trust in favor of a husband in the whole or any lesser interest in property, title to which was taken in his wife's name after negotiations for its purchase by him, where the purchase price was paid partly in cash by him and partly by their joint note secured

by her mortgage and it did not appear that such payments as he later made on the note were pursuant to any understanding at the time of the purchase or that the total amount which he paid was consideration for a definite fractional interest in the property.

BILL IN EQUITY, filed in the Superior Court on February 16, 1938.

The decrees were entered by order of *Leary*, J.

*M. J. Levy*, for the defendants Moat and another.

*W. A. Davenport*, for the plaintiff.

QUA, J.    The plaintiff is the husband of the defendant Maude T. Moat. The primary purpose of the bill is to establish and enforce against Maude T. Moat and against the defendant Levy as the conservator of her property an alleged resulting trust in the real estate known as the Bernardston Inn in Bernardston, together with the personal property pertaining thereto. The defendants Maude T. Moat and Levy appeal from an interlocutory decree overruling their exceptions to the master's report and confirming the report and from a final decree for the plaintiff. Their further attempt to appeal from an order for the entry of the final decree was needless and without effect. *Graustein* v. *Dolan*, 282 Mass. 579, 583.

The interlocutory decree is attacked on the sole ground that the evidence before the master was insufficient as matter of law to justify one of his subsidiary findings of fact. As in our view of the case this question has ceased to be of consequence, it will be enough to say that the summary of the evidence on this point appended by the master to his report under Rule 90 of the Superior Court (1932) in our opinion discloses a legal basis for the finding.

The substantial question comes upon the final decree. The evidence as a whole is not reported. The master makes the ultimate finding "in so far as it be a question of fact and not of law" that the plaintiff is the owner of the property and that Maude T. Moat holds the title in trust for him. But the master states, in substance, that this conclusion is based wholly upon the findings of particular facts included in his report. It is therefore our duty to examine the particular or subsidiary facts found and to

use our own judgment as to the conclusion which, with the application of correct principles of law, should be deduced from them. *Robinson* v. *Pero*, 272 Mass. 482, 484.

In order to establish a resulting trust against his wife the husband must prove (1) that he himself furnished either "the entire consideration or a specific and definite part thereof, for which it was intended he should receive a determinate and fixed fraction of the whole estate conveyed" and (2) that "it was not intended at the time of the conveyance that the wife should take a beneficial interest in the property by way of gift, settlement or advancement." *Pollock* v. *Pollock*, 223 Mass. 382, 384. *Daniels* v. *Daniels*, 240 Mass. 380, 385. Although we think that on the subsidiary findings it is seriously questionable whether the plaintiff has met the second of these requirements, we shall confine our discussion to those findings which are applicable to the first requirement, as we are satisfied that the plaintiff has failed upon this branch of his case.

On this point the decisive findings are these: In 1913 the plaintiff, who had had experience in hotel management, negotiated for the purchase of the inn, and on September 11 the property was conveyed to Maude T. Moat for $25,000, of which $10,000 was paid in cash and the balance of $15,000 by the joint and several note of the plaintiff and Mrs. Moat secured by mortgages to the seller executed by Mrs. Moat upon the real estate and the accompanying personal property. The plaintiff borrowed the $10,000 from a bank and paid it to the seller. The $15,000 note has been paid, in part by the plaintiff from time to time out of the proceeds of his operation of the inn (in which, however, his wife had assisted him when her feeble health permitted), in part with money borrowed from the bank on another note signed by the plaintiff and Mrs. Moat which the plaintiff also paid by partial payments from time to time from the proceeds of the inn, and in part with money derived from a new mortgage upon the property given to a savings bank and "executed by" Mrs. Moat. It does not appear that the last mentioned mortgage has been paid at all.

By no stretch will these subsidiary findings support an

ultimate finding that the plaintiff alone has paid the entire purchase price at any time in any way. Moreover it has been said repeatedly that a resulting trust "must arise, if at all, at the time of the execution of the deed," *Dwyer* v. *Dwyer*, 275 Mass. 490, 494, *Barnard* v. *Jewett*, 97 Mass. 87, *Fickett* v. *Durham*, 109 Mass. 419, 422, 423, *Gould* v. *Lynde*, 114 Mass. 366, 368, *Bailey* v. *Hemenway*, 147 Mass. 326, 329, *Quinn* v. *Quinn*, 260 Mass. 494, 503, *Epstein* v. *Epstein*, 287 Mass. 248, 252–253, although it has been held that actual payment of the consideration may take place later in accordance with an understanding at the time of the deed. *Blodgett* v. *Hildreth*, 103 Mass. 484, 487. *Brady* v. *Brady*, 238 Mass. 302, 305. *Lynch* v. *Lynch*, 249 Mass. 543, 546, 547. At the time of the conveyance Mrs. Moat assumed an equal obligation with the plaintiff for the payment of so much of the purchase price as was represented by the $15,000 mortgage note. At that time that part of the price was paid as much by her as by him. See *Dudley* v. *Dudley*, 176 Mass. 34, 37; *Kennerson* v. *Nash*, 208 Mass. 393, 398. It does not appear that the later payments by him on account of the $15,000 note were made in pursuance of any understanding at the time of the purchase that he rather than she would make such payments. Compare *Davis* v. *Downer*, 210 Mass. 573, 575; *Gerace* v. *Gerace*, ante, 14, 18. The money borrowed from the savings bank with which the last payment was made was, so far as appears, her money, and for aught that appears she still owes the savings bank the amount of that loan. It is not found that Mrs. Moat lent this money to the plaintiff, as in *McDonough* v. *O'Niel*, 113 Mass. 92. See *Williams* v. *Commercial Trust Co.* 276 Mass. 508, 517.

There are no findings which would justify a conclusion that the plaintiff paid the amount which he did pay as the consideration for any fixed fractional interest which he was to receive in the property as distinguished from a general contribution toward the purchase as a whole. The requirements of proof to establish a resulting trust in a fractional interest proportionate to the amount paid have been fully explained in various cases. *Bailey* v. *Hemenway*, 147 Mass.

326. *Skehill* v. *Abbott*, 184 Mass. 145. *Browdy* v. *Browdy*, 250 Mass. 515. *O'Brien* v. *O'Brien*, 256 Mass. 308, 310. *Quinn* v. *Quinn*, 260 Mass. 494. *Druker* v. *Druker*, 268 Mass. 334, 340. *Karas* v. *Karas*, 288 Mass. 460, 462.

It follows from what has been said that the plaintiff has failed to establish a resulting trust in the real estate and in the personal property which was purchased along with the real estate. But the bill alleges that since the original purchase the plaintiff has replaced the furniture, equipment and personal property with new furniture, equipment and personal property and has bought additional "furniture, equipment, fixtures and other personal property," all paid for from his own funds. The answer denies these allegations and asserts title to all this property in Maude T. Moat. Although no argument has been addressed to us relating to this aspect of the case apart from the question of a resulting trust, the issue thus raised by the pleadings remains in the case. The findings of the master are meager upon this point, probably because of his belief that all of the inn property now belonged to the plaintiff. Further proceedings must be had upon this element of the case.

The interlocutory decree is affirmed. The appeal from the order for final decree is dismissed. The final decree is reversed, and the cause is remanded to the Superior Court for further proceedings not inconsistent with this opinion.

*Ordered accordingly.*