DAVID GROCER *vs.* MONTIFORE CEMETERY ASSOCIATION.

Suffolk. May 10, 1940. — October 2, 1940.

Present: FIELD, C.J., LUMMUS, DOLAN, COX, & RONAN, JJ.

*Equity Jurisdiction*, To relieve against forfeiture, To enjoin unlawful interference, Laches. *Contract*, Performance and breach. *Equity Pleading and Practice*, Decree.

Upon reported evidence in a suit in equity, findings were warranted that a notice to the holder of the title to a cemetery lot, which under his deed was a condition precedent to forfeiture of his rights for failure to make certain annual payments, had not been received by him, and that he had not been guilty of laches.

In a suit against a cemetery association, a decree that the plaintiff be "restored to all his rights" in a lot in the cemetery upon payment to the defendant of certain annual sums for which he was in arrears, with interest, was inappropriate where it appeared that the plaintiff had not lost his rights in the lot by his failure to make the annual payments; the decree should order that, upon the plaintiff's payment of such sums with interest, the defendant be enjoined from interfering with his rights.

BILL IN EQUITY, filed in the Superior Court on June 16, 1939.

The suit was heard by *Dowd*, J.

*H. Mandelstam*, for the defendant.

*M. Palais*, for the plaintiff.

DOLAN, J. This is a suit in equity in which the plaintiff seeks to be relieved of a forfeiture of his right and title to a certain burial lot. The case comes before us upon the defendant's appeal from the decree entered by order of the judge.

The evidence is reported in full and in connection with his order for decree the judge filed findings of fact in substance as follows: On August 11, 1913, "the plaintiff in consideration of twenty-five dollars, received a deed from the defendant to a certain lot of land . . . in Montifore Cemetery owned and controlled by the defendant" under which the plaintiff was granted the sole right of burial of the dead in the lot, to himself and his "Israelite" relatives, subject to certain "restrictions, limitations, conditions and privileges." Among the conditions was the following: "Thirteenth. In case any proprietor of a lot shall cease to belong to this Association he shall pay the sum of one dollar ($1.00) per annum in advance to the Treasurer. Should he owe the sum of one dollar ($1.00) for the year just expired, and fails to pay the same after he has been duly notified by the Collector, he will forfeit his right and title to his lot."

Sometime in 1930 the plaintiff was in default of the annual payment "stipulated in condition Number thirteen of said deed," and has continued to be in default up to the entry of the bill of complaint. A separate and distinct corporation known as the "Montefiore Benefit Corporation"

allegedly mailed notice to the plaintiff of his default in payment "in the Montifore Cemetery Association." The constitution and by-laws of the benefit corporation were not in evidence and the judge was unable to find the connection between that corporation and the defendant, but on the evidence he found that that corporation had no authority to send the notice, but that if it be assumed in favor of the defendant that the benefit corporation did have such authority, the judge found that "such notice under said condition number thirteen of said deed was never delivered to or received by the plaintiff." During the continuance of the default the plaintiff "repeatedly attempted to obtain from the defendant and its officers the amount of his indebtedness and to pay the same . . . [but] was unable to obtain such information" from them, and "was not guilty of laches." The judge further found that aside from the default in the payment of the annual dues the defendant's rights in the lot in question have been in no way impaired, and that the plaintiff had not complied with the requirement of "condition number thirteen as applied to the defendant."

By order of the judge a final decree was entered to the effect that the plaintiff be "restored to all his rights in and to" the cemetery lot involved upon payment by the plaintiff to the defendant of all dues or annual payments of $1 for the years 1930 to 1939, inclusive, together with interest thereon at six percent per annum "as provided in clause 13 of said deed."

Under the familiar rule where the entire evidence is reported, an appeal brings before this court questions of fact as well as of law, and though it is the duty of this court to examine the evidence and decide the case upon its own judgment, a decision based on oral testimony will not be reversed unless plainly wrong. *Ecklund* v. *Ecklund*, 288 Mass. 517, 518. *Culhane* v. *Foley*, 305 Mass. 542, 543, and cases cited.

The defendant's contentions are that the evidence does not sustain the finding of the judge that the notice was not given to the plaintiff as required by condition thirteen of

the deed, and, in the alternative, that even if it be assumed that the plaintiff never received the notice so provided for, he is barred from relief because the evidence discloses that he has been guilty of laches as matter of law, contrary to the finding of the judge.

It would add nothing to our jurisprudence to recite the evidence. We have examined it carefully, and the finding of the judge that the notice under condition thirteen of the deed was never delivered to or received by the plaintiff is supported by evidence which he could reasonably have believed and therefore cannot be said to be plainly wrong. It follows that it cannot be said that the plaintiff has forfeited his "right and title to his lot" under condition thirteen of the deed. The present suit, therefore, is not barred by the statute of limitations.

The question of laches is "generally a question of fact . . . requiring a consideration of all the circumstances attendant on delay in bringing a suit in equity." *Shea* v. *Shea*, 296 Mass. 143, 147. *Dodge* v. *Anna Jaques Hospital*, 301 Mass. 431, 436. In the present case, upon a consideration of all the circumstances disclosed by the evidence as attendant upon the delay in bringing the suit, we think that it cannot be said that the finding of the judge that the plaintiff had not been guilty of laches is plainly wrong.

The plaintiff not having forfeited his rights in the cemetery lot, the direction in the decree entered by order of the judge that the plaintiff "be . . . restored to all his rights in and to . . ." the lot is not appropriate.

Accordingly the decree is reversed and instead a final decree is to be entered that upon payment by the plaintiff of the amount due to the defendant as arrears to the date of the final decree with interest, the defendant, its officers, agents and servants be enjoined from interfering with the rights of the plaintiff in the cemetery lot in question, with costs to the plaintiff.

*Ordered accordingly.*