NORMA H. DRUKER *vs.* HAROLD E. DRUKER.

Suffolk.   December 4, 1940. — January 29, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Trust*, Resulting, Constructive.

A suit in equity to establish a resulting trust in land could not be maintained where it appeared that, although the plaintiff and the defendant each furnished a definite part of the purchase price, they intended that the title should be held by the defendant for the benefit of them both in undefined proportions.

There was no constructive trust in real estate, which was purchased with money furnished by both a man and a woman before their marriage and title to which was taken in the man's name, where there was no fraud nor overreaching on the part of the man.

BILL IN EQUITY, filed in the Superior Court on December 13, 1939.

The suit was heard by *Kirk*, J.

*E. O. Proctor*, (*R. Rambach* with him,) for the plaintiff.

*M. E. Schneider*, for the defendant.

DOLAN, J.   This is a suit in equity in which the plaintiff seeks to establish title to certain real estate standing in the name of her husband, the defendant, for an accounting of all sums of money received by him from said property, and for payment to her of such sums as may be found to be due her under the accounting.   The property was purchased by the defendant following his betrothal to the plaintiff, but before he married her.   The judge, after hearing, filed "Findings of Fact and Order for Decree," in accordance with which a final decree was entered dismissing the bill. The case comes before us upon the plaintiff's appeal from that decree.

There is no report of the evidence. So far as appears the findings of fact were made by the judge voluntarily and not as a report of "the material facts found by him" under G. L. (Ter. Ed.) c. 214, § 23. The parties, however, have dealt with the case as if the findings were of all the material facts found by him, and, considering the scope and extent of the findings, and since the result will be the same, we treat the findings on that basis. See, however, *Birnbaum v. Pamoukis*, 301 Mass. 559, 561, 562, and cases cited. Thus considered, "the decree . . . must be affirmed if the conclusions of fact of the trial judge are consistent with the specific facts found by him." *Goldston* v. *Randolph*, 293 Mass. 253, 255.

It would add nothing to our jurisprudence to narrate the specific findings of the judge. The ultimate findings of the judge that the defendant contributed $5,000 of his own money toward the purchase price ($14,500) of the property involved, that the balance of the purchase price was contributed by or in behalf of the plaintiff, that it was intended that the property should be held for the benefit of the parties in undefined proportions, that there was no fraud or overreaching on the part of the defendant, are consistent with the findings of specific facts and so must stand.

It is settled that when one person pays the purchase price of property and title is taken in the name of another, without more, the beneficial interest in the property enures to the person who paid or became liable to pay the purchase price, by way of a resulting trust. *Blodgett* v. *Hildreth*, 103 Mass. 484, 487. *Howe* v. *Howe*, 199 Mass. 598, 604. *Quinn* v. *Quinn*, 260 Mass. 494, 501. *Cook* v. *Howe*, 280 Mass. 325, 328. *Bosworth* v. *Bosworth*, 285 Mass. 82. *Gerace* v. *Gerace*, 301 Mass. 14, 18. *Cohen* v. *Simon*, 304 Mass. 375, 377. Am. Law Inst. Restatement: Trusts, § 440. 3 Scott, Trusts, § 440. It is also settled in this Commonwealth that where one pays but a part of the purchase price and seeks to enforce a resulting trust in his favor, it must be shown that the payment made by him was for some specific part or distinct interest in the estate;

"for 'some aliquot part,' as it is sometimes expressed; that is, for a specific share . . . and that a general contribution of a sum of money toward the entire purchase is not sufficient." *McGowan* v. *McGowan*, 14 Gray, 119, 121. *Pollock* v. *Pollock*, 223 Mass. 382, 384. *Karas* v. *Karas*, 288 Mass. 460, 463. *Moat* v. *Moat*, 301 Mass. 469, 472. In the instant case, as already recited, the judge has found that the defendant contributed $5,000 of his own money toward the purchase price and that it was intended that the property involved should be held for the benefit of both of the parties in undefined proportions. It follows that the contributions made toward the purchase price by or in behalf of the plaintiff were general and not for a specific share in the property involved, and that the conclusion of the judge that "There is no resulting trust" was not erroneous. See *Karas* v. *Karas*, 288 Mass. 460, 463; *Moat* v. *Moat*, 301 Mass. 469, 471, 472.

The plaintiff has argued that if she is denied relief on the ground that no resulting trust arose on the facts found, yet it should be granted on the ground that they disclose a constructive trust in her favor. But in the instant case the subsidiary facts found do not disclose any fraud on the part of the defendant, or that it would be otherwise unconscionable to allow him to retain the property. In fact the judge, as before set forth, has found that there was no fraud or overreaching on the part of the defendant and no agreement by him to convey any part of the property to the plaintiff upon request. It follows that the defendant cannot be said to hold the property in controversy upon a constructive trust for the plaintiff. *Bresnihan* v. *Sheehan*, 125 Mass. 11, 13. *Frankel* v. *Frankel*, 173 Mass. 214, 216. *Woodard* v. *Woodard*, 216 Mass. 1, 3. *Powell* v. *Powell*, 260 Mass. 505, 508. *Cann* v. *Barry*, 293 Mass. 313, 316, 317.

*Decree affirmed.*