DONALD A. MacNEIL *vs.* CATHERINE P. MacNEIL.

Middlesex.    May 4, 1942. — September 9, 1942.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Tenants by the Entirety. Real Property,* Tenancy by the entirety. *Equity Pleading and Practice,* Injunction, Decree. *Fraudulent Conveyance. Trust,* Resulting trust. *Husband and Wife.*

Under a tenancy by the entirety of real estate, the husband has the right to the exclusive possession, control and usufruct of the property.

Bringing by a husband of a suit in equity to enjoin his wife from exercising any dominion over property owned by them as tenants by the entirety impliedly revoked any consent he might previously have given her to occupy the property upon their separation.

In a suit in equity by a husband against his wife to enjoin her from exercising any dominion over property owned by them as tenants by the entirety, the final decree, besides an adjudication that the plaintiff was entitled to the exclusive dominion and usufruct of the property, should have contained the injunction sought.

The circumstances in which title to certain property purchased was taken in the name of a wife did not show that the conveyance was in fraud of her husband's creditors.

There was no resulting trust in favor of a husband of the whole or of any smaller interest in certain real estate purchased, title to which was taken in his wife's name and payment for which was partly by cash contributed by him and partly by a mortgage executed by her, where there was no understanding at the time of the purchase respecting payments of carrying charges which he later made or that for his cash contribution he should have a definite fractional interest in the property.

BILL IN EQUITY, filed in the Superior Court on May 31, 1941.

The plaintiff appealed from a final decree entered after hearing by *Swift,* J.

*E. V. Maloney,* for the plaintiff.

*W. S. McCallum,* for the defendant.

DOLAN, J. This is a bill in equity in which the plaintiff seeks to have the defendant enjoined from collecting or attempting to collect the rents from two parcels of real estate located respectively at 124 Pearson Road, and at 1028 Broadway, in Somerville, and to compel her to convey to him title to the premises on Pearson Road. The judge filed findings of fact and an order for decree, and entered a final decree adjudging that the property at Pearson Road belongs to the defendant; that the property at 1028 Broadway is owned by the parties (who are husband and wife) as tenants by the entirety; and that the plaintiff is entitled to the usufruct of the Broadway property, to collect the rents therefrom, and to the right to exercise dominion over the property free from the interference of the defendant, except as to the apartment in the premises "now in possession of the defendant by consent of the plaintiff." The decree contains no provision for dismissal of the bill as to the Pearson Road property, nor any provision for injunctive relief as to the Broadway property.

With reference to the Broadway property the plaintiff's sole complaint is that the evidence, which is reported, does not support the finding of the judge that the defendant is occupying an apartment on the premises with the consent of the plaintiff, contending that his rights of possession and control over the property are complete, and that those rights should not have been limited by the judge in his decree as before set forth.

With relation to the Broadway property the material facts disclosed by the evidence follow: Title to the property was taken in 1940 and is held by the parties as tenants by the entirety. Shortly after taking title the parties removed to one of the apartments in the premises and resided there with their three children. Each of the parties collected some of the rents of the other apartments in the building and about May 2, 1941, the defendant collected the rents from the premises against the plaintiff's consent and contrary to his instructions. As a result the parties had some

differences and separated, the defendant remaining in the apartment where she and the plaintiff had been living together. Other than the fact that the defendant continued to occupy the apartment in which the parties had last lived together, there is nothing in the evidence to show that at the time of the trial and entry of final decree the defendant was occupying the apartment with his consent; and the relief he sought was general, the pertinent prayer of his bill being that the defendant be permanently enjoined from collecting the rents or exercising any other act of dominion over the Broadway property, in itself an implied revocation of any consent to her occupancy if previously given.

It is settled that a tenancy by the entirety "confers upon the husband rights paramount to those of his spouse under which during his life and the continuance of the marital relationship he is entitled to possession and control of the granted premises, together with the use and the profits therefrom." *Franz* v. *Franz*, 308 Mass. 262, 265. *Voight* v. *Voight*, 252 Mass. 582. *Cunningham* v. *Ganley*, 267 Mass. 375. *Peter* v. *Sacker*, 271 Mass. 383. It follows that the plaintiff was entitled to injunctive relief restraining the defendant from interfering in any way with his complete rights of possession and control of the entire property.

With respect to the Pearson Road property the judge found that title thereto was taken in the name of the defendant, with the intent and purpose on the part of the plaintiff of providing a home for his wife, the defendant, and their children; that the plaintiff in improving the property did so with full knowledge that the property stood in the defendant's name and in the hope that added income might result and "that this income might assist in defraying the expense of education for his children and providing a home for his wife and family." These findings are supported by the evidence, which discloses that the plaintiff also testified, when interrogated as to his purpose in having title to the premises taken in his wife's name, as follows: "I had three boys and I figured that I could keep that house in my wife's name and when the time came they

needed an education and I was able to have that house free and clear, no encumbrances on it, and if I should die my wife was right there to take care of it and the boys could be educated," and that he did not want to put the property in his own name at that time.

The judge further found that at the time of the conveyance the plaintiff had entered various business enterprises involving considerable financial uncertainty; that these business ventures resulted in more or less litigation in which the plaintiff was directly or indirectly concerned and that in addition to making provision for a home for his wife it was his intention to have that home "secured from attack by his creditors or claimants." The plaintiff, construing this finding as one to the effect that the transaction was in fraud of his creditors, objects that the evidence does not support such conclusions. Reading the findings of the judge already set forth, as a whole, we think that the finding complained of was not intended by the judge to be of that effect. However, it is perhaps appropriate to say that there was no evidence to support a conclusion that the conveyance in question was in fraud of the plaintiff's creditors. There is nothing in the record to show that at the time of the transaction the plaintiff was indebted beyond his probable means of payment, or that he was rendered insolvent thereby or that his creditors were in fact hindered, delayed or defrauded thereby, or that he had any actual intent to defraud them. See G. L. (Ter. Ed.) c. 109A, §§ 2 (1), 6, 7; *Kerrigan* v. *Fortunato*, 304 Mass. 617, 620, 621.

The plaintiff's case must therefore rest upon his own testimony as to his purpose in having title to the premises taken in his wife's name, which has already been set forth, considered in the light of other facts not found by the judge, but which are disclosed by the evidence and which may be summed up as follows: The property under discussion was purchased in November, 1936, for $4,500, the conveyance being made to the defendant in her own name. Part of the consideration was paid by the plaintiff in cash; the balance by a mortgage back. While the plaintiff testified that the defendant contributed nothing toward the purchase of the

property, the evidence discloses that she gave the mortgage back to secure the note for the balance of the purchase price. The defendant therefore must be taken to have contributed to the purchase of the property to that extent, notwithstanding that thereafter the plaintiff paid for the most part the carrying charges of the property. It does not appear that these later payments by him were made in pursuance of any understanding at the time of the purchase that he rather than the defendant would make such payments. *Moat* v. *Moat*, 301 Mass. 469, 472, and cases cited.

In these circumstances the principle that where one person pays the entire purchase price of property and title is taken in the name of another, without more, the beneficial interest in the property enures to the person who paid or became liable to pay the purchase price, by way of a resulting trust, *Druker* v. *Druker*, 308 Mass. 229, 230, and cases cited, has no application. The plaintiff properly has not argued that any fractional interest in the property is held by the defendant upon a resulting trust in his favor. It would not avail him to do so since there is no evidence to show that in consideration of his contribution toward the purchase price of the property he was to receive a determined and fixed fraction of the estate conveyed, or to establish that it was not intended at the time of the conveyance that the defendant should take a beneficial interest in the property by way of gift, settlement or advancement. See *Moat* v. *Moat*, 301 Mass. 469, 471, and cases cited. A "general contribution of a sum of money toward the entire purchase is not sufficient" to raise a resulting trust. *McGowan* v. *McGowan*, 14 Gray, 119, 121. *Druker* v. *Druker*, 308 Mass. 229, 230, 231.

The decree entered by the judge must be modified by striking therefrom the limitation upon the plaintiff's right to possession and control of the entire Broadway property, and by inserting an order that the defendant be enjoined from interfering in any way with the plaintiff's exclusive right to possession and control of that property.

As so modified the decree is

*Affirmed.*