The PRUDENTIAL ACCEPTANCE Co. vs. AETNA LIFE INSURANCE COMPANY. November 27, 1946. Decree affirmed with costs. This is a bill in equity, brought by an assignee of an insured under a policy of life insurance issued by the defendant, to reach and apply the sum alleged to be due from the defendant to the insured. The bill also sought an accounting. It is unnecessary to summarize the bill because at the trial the plaintiff waived everything except the disability benefits claimed to be due for disability commencing before the policy lapsed. The defendant rested at the close of the plaintiff's case and the judge entered a decree dismissing the bill, from which the plaintiff appealed. The evidence is reported. The judge made no findings of material facts, but his general finding for the defendant imports a finding of every fact essential to support his conclusion. Berry v. Kyes, 304 Mass. 56, 57. While it is our duty to examine the evidence and to decide the case according to our own judgment, we do not reverse the findings of the trial judge implied in his decree unless they are plainly wrong. Marshall v. Landau, 308 Mass. 239, 241. Slater v. Munroe, 313 Mass. 538, 540. The burden rested upon the plaintiff to establish that the insured "before default in payment of premium . . . [had become] totally and permanently disabled by bodily injuries or disease and . . . [was] thereby prevented from performing any work or conducting any business for compensation or profit . . .." The general finding for the defendant implies a finding that he was not so disabled. In dealing with questions of fact "This court . . . weighs the reported evidence, giving due consideration to the superior opportunity of the trial judge who saw and heard the witnesses." Trade Mutual Liability Ins. Co. v. Peters, 291 Mass. 79, 83–84. From an examination of the evidence, practically all of which on the issue of disability was oral, we cannot say that the implied finding that the insured was not totally and permanently disabled within the terms of the policy was plainly wrong.

Lee M. Friedman, (J. S. Kaufman with him,) for the plaintiff.

B. Aldrich, for the defendant.