NOEL J. CARROLL *vs.* ELEANOR M. MARKEY & another.

Essex. February 4, 1947. — February 28, 1947.

Present: FIELD, C.J., QUA, RONAN, WILKINS, & SPALDING, JJ.

*Trust*, Resulting trust.

A resulting trust in favor of a plaintiff in the whole of real estate purchased in the name of a woman was not established by evidence which, even if it showed that the plaintiff furnished certain cash paid on account of the purchase price, did not show that a mortgage note given by the woman to the seller for the greater part of the purchase price was, as between the woman and the plaintiff, a loan of credit by her to him.

BILL IN EQUITY, filed in the Superior Court on April 20, 1945.

The suit was heard by *Williams*, J.

*R. L. Sisk*, for the plaintiff.

*A. M. Donahue*, for the defendants, submitted a brief.

RONAN, J. This is an appeal by the plaintiff from a final decree dismissing a bill brought by him against the defendants, who were the sole heirs at law of Sadie E. Harrington, to establish a resulting trust in certain premises in Marblehead, which he alleges were purchased by said Harrington on July 7, 1941, with his funds, the title to the premises being in her name at the time of her death on September 18, 1944.

The judge was not requested to file a report of all the material facts in accordance with G. L. (Ter. Ed.) c. 214, § 23, as appearing in St. 1945, c. 394, § 1, but he voluntarily filed a statement of his findings, rulings and order for a decree. We have a report of the evidence. It is our duty to examine it and to decide the case according to our own judgment, accepting the findings of the trial judge unless

they are shown to be plainly wrong, and finding for ourselves such other and additional facts as we deem to be justified by the evidence. *Silbert* v. *Kerstein*, 318 Mass. 476. *Rayner* v. *McCabe*, 319 Mass. 311. *Shattuck* v. *Wood Memorial Home, Inc.* 319 Mass. 444. *Lawrence* v. *Commissioners of Public Works*, 319 Mass. 700.

We summarize the facts. Mrs. Harrington separated from her husband in 1934, and after that time was engaged in keeping boarders at various places. One of these boarders was the plaintiff. Mrs. Harrington hired the premises in question in 1937 or 1938, and the plaintiff and his brother lived there until the brother left in 1941. Thereafter, the plaintiff and Mrs. Harrington lived there until she went to a convalescent home in February, 1944. The plaintiff was not related to her although he had represented himself to be her brother. The plaintiff had been injured, and while he was unable to work his brother had paid the household expenses; but the plaintiff had recovered and secured steady employment in 1941, and thereafter paid all the household expenses. The premises were owned by a bank, and in May, 1941, Mrs. Harrington entered into a written agreement with the bank to purchase them for $4,300, making a deposit of $100. She took title in her own name on July 7, 1941, paying another $100 on account of the purchase price and $85 to cover certain adjustments, and giving the bank her note for $4,100 secured by a mortgage. All subsequent payments were made by her at the bank until she became ill early in 1944, and thereafter the plaintiff himself made payments at the bank, sometimes by means of pension checks which were admittedly payable to Mrs. Harrington. The bank in selling the property dealt with no one other than Mrs. Harrington.

Neither the plaintiff nor Mrs. Harrington had any great amount of money. The plaintiff contended that he furnished the cash required for the purchase from the proceeds of a settlement of the accident case.

A resulting trust is based upon the presumption that the one who furnishes the purchase price intends that the property bought should inure to his benefit and not to that of

the person in whose name the conveyance is made. *Bailey* v. *Hemenway*, 147 Mass. 326. *Dwyer* v. *Dwyer*, 275 Mass. 490. *MacNeil* v. *MacNeil*, 312 Mass. 183. Even if we assume in favor of the plaintiff that he supplied all the cash required to make the purchase, yet that would not entitle him to prevail, because he is claiming a resulting trust in all the premises and must accordingly prove that the entire consideration was furnished by him. *Pollock* v. *Pollock*, 223 Mass. 382. *Southwick* v. *Spevak*, 252 Mass. 354. *McDonald* v. *Conway*, 254 Mass. 429. Mrs. Harrington, however, furnished the consideration, at least to the extent of her mortgage note. *Moat* v. *Moat*, 301 Mass. 469. *MacNeil* v. *MacNeil*, 312 Mass. 183. But it is contended by the plaintiff that the giving of this mortgage was a loan of credit by Mrs. Harrington to him. He could have entered into an agreement with her at the time of the conveyance whereby he would, as between them, become responsible for the payment of the mortgage. *Davis* v. *Downer*, 210 Mass. 573. He, however, made no arrangements with her either to pay the mortgage or to indemnify her on account of any loss that might thereby be incurred by her. His conduct in using funds which admittedly came from her in making payments on the mortgage is persuasive evidence that he never arranged with her to pay the mortgage. The finding of the judge that he was unable to find that a trust had been established for the benefit of the plaintiff was not plainly wrong because on all the evidence the plaintiff failed to prove that the giving of the mortgage was a loan of credit to him by Mrs. Harrington. *Kendall* v. *Mann*, 11 Allen, 15. *Barnard* v. *Jewett*, 97 Mass. 87. *Kennerson* v. *Nash*, 208 Mass. 393. *Cohen* v. *Simon*, 304 Mass. 375. *Druker* v. *Druker*, 308 Mass. 229.

The plaintiff at the argument stated that he made no claim that the portion of the decree dealing with the personal property was wrong.

*Decree affirmed with costs.*