ANNA VERONICA KEITH *vs.* CHARLTON KEITH.

Norfolk. April 10, 1947. — June 11, 1947.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Equity Pleading and Practice,* Findings by judge. *Trust,* Resulting. trust, Constructive trust. *Husband and Wife.*

In a suit in equity by a wife against her husband, this court construed findings by the trial judge as meaning that he found that real estate standing in the husband's name was not covered by an antenuptial agreement that the parties would "share and own" their assets equally, and such a finding, and a further finding that the wife had not proved that the real estate was subject to any trust in her favor, were not plainly wrong on conflicting evidence not requiring conclusions that the parties' agreement extended to the real estate or that any of the wife's money was used in acquiring it.

BILL IN EQUITY, filed in the Superior Court on January 22, 1946.

The case was heard by *Forte,* J.

In this court the case was submitted on briefs.

*J. Finnegan & F. J. Burns,* for the plaintiff.

*M. Mitchell,* for the defendant.

QUA, J. In this bill in equity, brought while the parties were still married to each other, though living apart, the plaintiff alleges that, "as a result of her . . . earnings and

work," she and the defendant "were able to invest substantial amounts" in real estate, bonds, bank deposits, and certain articles of tangible personal property, and, in paragraph five of the bill, that (with no allegation as to time) they "made an agreement to the effect that the parties would share and own said assets one half each." The material prayers are for an accounting and for general relief.

The judge found "facts as alleged in" paragraph five of the bill, and ordered a decree for an even division of the amounts standing in banks in the joint names of the parties and of the proceeds of certain war bonds held jointly. He found, however, that some of the articles of tangible personal property were owned by the parties in severalty, and that others were owned jointly, and he found that the plaintiff had failed to sustain the burden of proving that any of the real estate, all of which stood in the defendant's name, was "joint property," or that any of it was "the subject of a trust, express or implied." He entered a decree allowing the plaintiff half of the joint deposits and proceeds of bonds held jointly, dividing the articles of tangible personal property in accordance with his findings, and refusing relief as to the real estate. The plaintiff appeals, contending that she is entitled to enforce the agreement upon the real estate, or that the real estate is impressed with a resulting trust or a constructive trust in her favor, or at least that she is entitled to have returned to her, on the ground of "failure of consideration," the entire "contribution" made by her "on the strength of the agreement." The evidence is reported.

In addition to the facts expressly found by the judge the evidence shows that at the time of the marriage of the parties in 1935 the defendant owned a house in Quincy which he had built several years before and which he has since sold; that at the time of the marriage he owned some land in Milton; that after the marriage he built a house on the Milton land which the parties occupied as their home; and that when the suit was brought the Milton residence and some other lots in Milton and in Quincy purchased since the marriage all stood in his name. Both parties earned money until 1942, when the plaintiff stopped working. There was

no evidence of any written agreement or of any memorandum in writing. The plaintiff relies wholly upon conversations between the parties.

Neither the third clause of G. L. (Ter. Ed.) c. 259, § 1, relating to agreements upon consideration of marriage, nor the fourth clause, relating to contracts for the sale of lands, is pleaded. See *Stoneham Five Cents Savings Bank* v. *Johnson*, 295 Mass. 390, 393–394; *Dickman* v. *McClellan*, 302 Mass. 87, 89; *Hiller* v. *Hiller*, 305 Mass. 163, 164; *Watkins* v. *Briggs*, 314 Mass. 282, 284.

The plaintiff insists that the finding of the judge that the agreement was made as alleged in the fifth paragraph of the bill "that the parties would share and own said assets one half each" refers to an agreement made before the marriage of the parties, and that this antenuptial agreement should now be enforced in equity to give the plaintiff title to a half interest in all the real estate standing in the defendant's name. See *Miller* v. *Goodwin*, 8 Gray, 542, 543–544; *Sullings* v. *Sullings*, 9 Allen, 234, 237; *Tarbell* v. *Tarbell*, 10 Allen, 278; *Freeland* v. *Freeland*, 128 Mass. 509, 511; *Paine* v. *Hollister*, 139 Mass. 144, 145; *Deshon* v. *Wood*, 148 Mass. 132, 134–135; *Collins* v. *Collins*, 212 Mass. 131; *Welch* v. *King*, 279 Mass. 445, 448–449.

For reasons that will shortly appear, we need not decide whether an oral agreement of this kind, if made before the marriage of the parties, in so far as it relates to property of which the parties were "seized or possessed at the time of the marriage," would be "impliedly prohibited" by G. L. (Ter. Ed.) c. 209, § 25, as intimated in *Deshon* v. *Wood*, 148 Mass. 132, at page 137. See, however, *Hill* v. *Treasurer & Receiver General*, 227 Mass. 331, 333–334.

The method adopted by the judge of making findings by reference to paragraphs of the bill instead of in his own language seems to us to have led, as that method frequently does, to seeming inconsistency and to confusion. If the judge's adoption of paragraph five of the bill stood alone, it would appear that he had found that the parties had made in its entirety the agreement declared upon, and that it included real estate. But when in his findings he first

turns his attention from jointly held bank deposits and bonds to real estate, he finds that the plaintiff has failed to sustain the burden of proving that any part of the real estate was "joint property." He makes this finding in addition to his finding that no trust in the real estate has been proved. It is evident that in framing his decree the judge did not apply the alleged agreement to the real estate. There was considerable testimony from the plaintiff tending to show that about three years before their marriage the parties came to some sort of an understanding that their moneys should be deposited in joint accounts, and they did in fact maintain such accounts during their life together. But there is little substantial evidence that any such understanding extended to real estate, and the plaintiff's name never appeared in connection with the title to any of the real estate, nor did she seek to have it so appear until years later after the house had been built on the Milton land. It is to be remembered that at the time of the alleged agreement the valuable part of the defendant's real estate consisted of the house in Quincy which he himself had built some years before and with which the plaintiff does not appear to have been associated in any way. For these reasons we construe the judge's finding that the plaintiff had failed to sustain the burden of proving that any part of the real estate was "joint property" as a finding that there was no antenuptial agreement as to real estate, and as controlling over any implication to the contrary from the judge's adoption of paragraph five of the plaintiff's bill. This finding is consistent with a view which the judge could properly take of the oral evidence in connection with the conduct of the parties. The finding must stand.

We discover no error in the judge's findings that the plaintiff had failed to sustain the burden of proving "a trust, express or implied," in the real estate. These findings were not plainly wrong. The evidence was highly conflicting. The judge had the advantage of seeing the witnesses. There was nothing to compel a finding that any of the real estate was bought with the plaintiff's money, much less that she was to acquire any ascertained fraction

of the title. *Quinn* v. *Quinn*, 260 Mass. 494, 501–502. *Moat* v. *Moat*, 301 Mass. 469. *MacNeil* v. *MacNeil*, 312 Mass. 183, 187. Neither was the judge required to find that any money in which the plaintiff had an interest was, without her consent, invested in the real estate. He was not required to find either a resulting trust or a constructive trust. The case differs greatly from that made out by the findings in *O'Brien* v. *O'Brien*, 256 Mass. 308, on which the plaintiff relies.

What has been said disposes also of any contention that the plaintiff can recover on the ground of failure of consideration any of her own earnings which she contributed to the family.

The decree should be modified by ordering the defendant to pay to the plaintiff the sum found due to her, and as so modified is affirmed with costs of appeal to the defendant.

*So ordered.*