ARTHUR L. BRUN *vs.* BEATRICE L. H. BRUN. November 1, 1949. Decree affirmed. This petition in equity by a husband against his wife seeks to establish a resulting trust in a one-half interest in certain real estate purchased in 1930 and standing of record since that time in the name of the wife. The husband appealed from a decree dismissing his petition. The judge made a report under the statute of the material facts found by him. G. L. (Ter. Ed.) c. 215, § 11, as amended by St. 1947, c. 365, § 3. The evidence is not reported. The judge, after finding that the property had been purchased with the earnings of a business in which the parties were commonly engaged, stated: "The issue comes down to whether, on the facts, the court can find that the mere payment of the price of the house from the common funds raises the resulting trust. On all the evidence the court is unable to find that the petitioner has sustained the burden of proof that a trust was created in 1930 which is now superior to the wife's legal title." This last finding is not an inference from other facts found, and is not, as contended by the petitioner, inconsistent with other findings. See *Turner* v. *Morson*, 316 Mass. 678, 681; *Carilli Construction Co.* v. *John Basile & Co. Inc.* 317 Mass. 726, 727; *Chapin* v. *Ruby*, 321 Mass. 512, 513. It is decisive of the case. *Moat* v. *Moat*, 301 Mass. 469. *Berry* v. *Kyes*, 304 Mass. 56, 61. *Druker* v. *Druker*, 308 Mass. 229.

*L. E. Perry*, (*C. W. Deasy & W. B. Perry, Jr.*, with him,) for the petitioner.
*A. P. Doyle*, (*J. E. Lajoie* with him,) for the respondent.

FRANCIS M. McMAHON *vs.* MARTHA H. McMAHON. November 2, 1949. Decree affirmed. This case and the companion case between the same parties decided herewith are petitions filed in the Probate Court by a husband against his wife, brought respectively under G. L. (Ter. Ed.) c. 209, § 36, and G. L. (Ter. Ed.) c. 209, § 37, and heard together. In both cases the wife appeared by counsel, who cross-examined the husband at the hearing. The wife did not testify. In each case the judge entered a decree for the petitioner. There was ample evidence which, if believed, would justify findings implied in the decrees that the wife deserted the husband by leaving their home in Pittsfield in the county of Berkshire; that later without his knowledge or consent she took the children with her to Florida; that he is living apart from her for justifiable cause; that the children are still domiciled in the county of Berkshire in this Commonwealth; and that their happiness and welfare require that the petitioner should have their custody. There was no evidence of any decree in Florida. The cases are governed by *Goren* v. *Goren*, 310 Mass. 284, and *Conley* v. *Conley*, 324 Mass. 530.

No argument nor brief for the respondent.
*A. J. Ruberto*, for the petitioner, submitted a brief.