RALPH H. BODMAN *vs.* THE MARTHA'S VINEYARD NATIONAL
BANK OF TISBURY & another.

Dukes County.   March 2, 1953. — April 3, 1953.

Present: QUA, C.J., WILKINS, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust,* Resulting trust.  *Joint Tenants.  Real Property,* Joint tenancy.
    *Duress.  Adverse Possession and Prescription.*

In a purchase of real estate wherein two persons paid one third and two
    thirds, respectively, of the purchase price and title was taken in the
    name of another for convenience, a resulting trust arose in favor of the
    two entitling each to a beneficial interest proportionate to his contribu-
    tion.  [129]
The respective beneficial interests of the beneficiaries of a resulting trust
    of real estate were not changed by a conveyance of the legal title to
    the property to one of the beneficiaries without consideration.  [129–
    130]
Evidence of the circumstances wherein two beneficiaries of a resulting
    trust of real estate and a bank which had acquired the legal title to
    the property executed a trust instrument whereby the bank held the
    title as "a bare trustee" for the two and each of them got the right to
    "full possession and enjoyment of the whole property" so long as it
    was held in trust and, if surviving the other, the right to receive a con-
    veyance of the property upon the death of the other justified a finding
    that the execution of the trust instrument by one of them was not
    under duress of the other.  [130]
Any adverse possession through exclusive occupancy of real estate by one
    of two beneficiaries of a resulting trust thereof was interrupted when
    the two and a bank which had acquired the legal title to the property
    joined in executing a trust instrument whereby the bank held title as
    trustee for the two.  [130–131]

PETITION, filed in the Probate Court for the county of
Dukes County on March 11, 1952.

The case was heard by *Reynolds,* J.

*James C. Roy,* for the respondent Call.

*James A. Boyle,* for the petitioner, submitted a brief.

WILKINS, J.   A beneficiary under an "agreement and
declaration of trust," dated October 14, 1933, brings this
petition in equity against the trustee and the other bene-

ficiary to obtain a binding declaration of rights. G. L. (Ter. Ed.) c. 231A, inserted by St. 1945, c. 582, § 1. The trust property consists of land in Edgartown upon which are buildings containing two stores and two apartments. The trust instrument was signed by the petitioner, by the respondent Lina D. Call (hereinafter called the respondent), and by the respondent bank. The probate judge entered a declaratory decree, from which the respondent alone appealed. The evidence is reported. The only express findings are those described as such in the decree. But the decree imports a finding of every fact essential to its support. Our duty is to decide the case according to our own judgment, giving due weight to the findings, including those implied in the decree of the probate judge. *Berry* v. *Kyes*, 304 Mass. 56, 57. *Prudential Acceptance Co.* v. *Aetna Life Ins. Co.* 320 Mass. 763. *Artemis* v. *Malvers*, 322 Mass. 136, 137. *Attorney General* v. *Woburn*, 322 Mass. 634, 635. *Karl V. Wolsey Co. Inc.* v. *Building Inspector of Bedford*, 324 Mass. 419, 420.

The real estate was formerly owned by Charles F. Call, then the respondent's husband. On September 30, 1924, the property was conveyed to Thomas Otis, Esquire, by warranty deed of Call, in which the respondent joined to release dower. The transaction was a sale, and the purchase price was $15,000, but whether, as the respondent testified, she paid the entire consideration, or whether, as the petitioner testified, she paid but $10,000 and the petitioner paid $5,000, presented an issue of fact. We agree with the respondent that a determination of this fact is necessary to a decision of this case. We think that the probate judge must have decided the point in the petitioner's favor. The issue depends upon the degree of credibility to be given to the conflicting oral evidence of two witnesses the testimony of neither of whom is wholly satisfactory. The conclusion of the probate judge who saw and heard them should not be reversed merely from a reading of the record we have before us. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 83–84.

Bodman *v.* Martha's Vineyard National Bank.

On June 13, 1925, Mr. Otis conveyed the real estate without consideration to the petitioner and, at the time, without the knowledge of the respondent. On the petitioner's evidence, the circumstances of this conveyance are exceedingly vague. At the time of the trial Mr. Otis was ill, and has since died. On September 26, 1932, the petitioner executed a deed of the real estate to the bank, but did not deliver it until July 19, 1933, the date of recording. The circumstances of this transfer are considered below.

The trust instrument recites the recording of the last mentioned deed, and the bank acknowledges holding as trustee for the petitioner and the respondent. Its important provisions are these. The petitioner and the respondent "shall each have the right to full possession and enjoyment of the whole property, so long as said premises are held in trust." Upon the death of either beneficiary the trustee shall convey the premises to the survivor. The beneficiaries could terminate the trust by joint notice, whereupon the premises must be conveyed to the beneficiaries as joint tenants. The beneficiaries agree to pay all charges against the property.

The petition alleges that the trustee, after repeated demands, has failed to account to the petitioner; that the respondent on two occasions has refused to permit the petitioner to take possession and enjoyment of any part of the real estate; and that since 1932 the respondent has personally occupied part of the property, has rented the balance, and has made no accounting, or turned over any income to the petitioner or the trustee. The prayers seek a declaration as to (1) the rights and duties of the petitioner and the respondent; (2) whether the petitioner is entitled to any or all of the property; (3) whether the petitioner is entitled to lease or rent any part thereof; (4) whether the trustee can be required to account; and (5) whether the respondent must account for past income.

The bank in its answer admitted the absence of an accounting, denied the existence of a duty to make one, and alleged that it had received only the bare legal title, had assumed

no duties, and had taken no action in the management or possession of the property.

The respondent in her answer admitted her occupancy as alleged, her refusal to admit the petitioner to possession, and her renting of part of the property without accounting. Her answer, so far as now material, set up that the petitioner has no rights under the trust instrument; the respondent's execution of the trust instrument under duress of the petitioner; adverse possession for more than twenty years; estoppel; and laches.

The decree declared that the bank is "a bare trustee" under the trust agreement and is not required to account where it has received no income and made no expenditures; and that the petitioner has waived this prayer for an accounting. This question is out of the case.

We summarize other statements in the decree. The petitioner and the respondent "are equitable owners with an equitable right of survivorship so far as title is concerned and are now equitable tenants in common in equal shares with respect to the right to full possession and enjoyment of the property. I find the declaration [of trust] is valid." The petitioner "is now entitled to full possession and enjoyment of the whole or any part of the premises in common with" the respondent. "The 'right' to full possession and enjoyment of the whole property by 'each' of the beneficiaries was optional and personal and was exercisable by entry, by either or both, so long as the premises were held in trust." The petitioner did not exercise his option to take full possession and enjoyment until August 13, 1951. The respondent has been in continuous actual possession from the creation of the trust. Neither the petitioner nor the respondent, severally, is entitled to lease or rent the whole or any part of the premises. The respondent must account to the petitioner for her occupancy and for "rents, profits and income derived from said premises from August 13, 1951, but not as to the period prior to that date." Up to August 13, 1951, the petitioner acquiesced in the respondent's use, occupation, and enjoyment of the premises in all the

purposes for which they were used. All expenditures made by the respondent since that date for purposes referred to in the trust instrument are to be considered in the accounting.

The respondent contends that even if it be found that the petitioner contributed $5,000 to the purchase price, any interest acquired by him under the trust agreement would be subject to a constructive trust for the benefit of the respondent. We cannot concur. When Call conveyed the property in 1924, the legal title was taken for convenience by a grantee, Mr. Otis, who claimed no interest for himself. Had any question arisen at that time, the petitioner and the respondent as joint owners could have enforced a resulting trust against the grantee. When the whole purchase price is paid by several persons other than the grantee, a resulting trust arises in their favor, each being entitled to a beneficial interest proportionate to his contribution. *Lynch* v. *Lynch*, 249 Mass. 543. Restatement: Trusts, § 454, comment d. Scott, Trusts, § 454.5. Bogert, Trusts, §§ 457, 458. See *Browdy* v. *Browdy*, 250 Mass. 515, 516.

Cases are not in point where the grantee paid part of the consideration and the one who paid the rest of the consideration fails to show that he made payment for a fixed fractional interest as distinguished from a general contribution toward the purchase as a whole. See, for example, *Moat* v. *Moat*, 301 Mass. 469, 472; *Druker* v. *Druker*, 308 Mass. 229; *MacNeil* v. *MacNeil*, 312 Mass. 183. If, as the respondent contends, the petitioner in 1924 did not purchase a fixed fractional interest, it would follow that the respondent, as the only other purchaser, did not acquire a fixed fractional interest. In 1924, if there was no resulting trust to the petitioner and to the respondent, there would have been no justice in the alternatives of leaving title in Mr. Otis or of returning title to Call.

When the real estate was conveyed by Mr. Otis to the petitioner, who took with notice and without consideration, the relative interests of the petitioner and the respondent

were not changed. *Howe* v. *Howe*, 199 Mass. 598, 602. *Lynch* v. *Lynch*, 249 Mass. 543, 546, 547. *Epstein* v. *Epstein*, 287 Mass. 248, 253. Restatement: Trusts, § 408. Scott, Trusts, § 408. Although the petitioner acquired the legal title, he did not hold the entire beneficial interest. Restatement: Trusts, § 410.

Until the recording of the deed from the petitioner to the bank which was followed by the execution of the trust instrument, the real estate remained in an unsatisfactory condition as to title. The respondent consulted with the president of the bank. She told him that title to the property was in the petitioner, and that "she had an interest in it." For seven years the respondent had been conferring with the petitioner, telling him that "there should be a different arrangement," that the title should be in a bank to hold for her, as he was married. The president of the bank in turn conferred with the petitioner and with the respondent, and ultimately procured a lawyer to draw the trust instrument. The provision that each should have the right to full possession and enjoyment was suggested by the petitioner. The provision for survivorship was the idea of the president. The execution of the trust instrument could reasonably have been found to be a compromise to eliminate an unsatisfactory situation. By it each received the right to full enjoyment for life with the chance to succeed to the whole property by survivorship. While the petitioner had only half as great an interest as the respondent, it was an absolute interest in one third which he gave up by the agreement. The petitioner at the time of the hearing was sixty-eight years of age, and the respondent was sixty-three. The respondent signed on the recommendation of the president. She evidently considered this a reasonable chance to take. The judge was right in not finding coercion or duress on the part of the petitioner.

The probate judge was also right in his implied finding that the respondent acquired no title by adverse possession. There was no adverse holding by her for twenty years prior to the filing of the petition. A sufficient reason is that the

execution in 1933 of the trust agreement, in which the respondent assented to the bank holding title as trustee, was an interruption of any adverse holding that could have begun in 1924. See *Attorney General* v. *Clark*, 222 Mass. 291, 293–294. There is no occasion to consider whether the respondent could in any sense be said to have entered upon a holding adverse to the title held by the bank, a "bare trustee," but nevertheless a trustee under an express trust, which the respondent joined in creating. *Allen* v. *Stewart*, 214 Mass. 109, 113. *Chandler* v. *Lally*, 308 Mass. 41, 44–45. *Akin* v. *Warner*, 318 Mass. 669, 676. We also need not discuss whether a cestui que trust could acquire an interest adverse to the right of his cocestui. See Perry, Trusts & Trustees (7th ed.) § 863; 2 C. J. S., Adverse Possession, § 124 (a).

Likewise no error is apparent in the implied finding of the probate judge that the petition was not barred by laches. The respondent argues that the petitioner allowed her to spend money on substantial improvements without claiming any of the income or asserting any rights. There was a dispute as to whether the petitioner or the respondent paid for the improvements, most of which antedated the trust instrument. We think that this fact must have been resolved in the petitioner's favor by the probate judge. We cannot say that such a finding was plainly wrong. *Dickinson* v. *Todd*, 172 Mass. 183, 184. *Skehill* v. *Abbott*, 184 Mass. 145, 147. *Grocer* v. *Montifore Cemetery Association*, 307 Mass. 45, 48. *Keith* v. *Keith*, 321 Mass. 460, 463–464. That finding serves to refute both the respondent's claim of acts done in reliance on the petitioner's inaction and her claim as to the petitioner's inaction itself.

For similar reasons we cannot reverse the implied finding that there was no estoppel.

No questions have been argued as to the correctness of the decree in so far as it relates to the details of an accounting. In this respect there is nothing for us to consider. *Quinn* v. *Quinn*, 260 Mass. 494, 503.

*Decree affirmed.*