*Southern District*

## JOSE L. BATISTA

v.

## ISAURA SYLVIA

*Cox. J.* This is one of three actions of contract which were tried together. No. 7047 — *Jose L.*

*Batista v. Isaura Sylvia,* concerning the report of which there is a separate opinion. No. 8013 — *Isaura Sylvia v. Jose L. Batista,* in which the plaintiff sued for services alleged to have been performed for Batista from November 1951 to January 1953, and in which case there was a finding for the defendant, Jose L. Batista. No report is before us in that case.

In the case of *Jose L. Batista v. Isaura Sylvia,* No. 7105, it appears from the report as established that count 1 is for breach of warranty, count 2 is for money had and received, count 3 is for money lent, and count 4 is for money had and received and relates to the same sum which is involved in count 3 in the instant case. As amended, the answer contains a general denial, an allegation of want of consideration and that the subject matter of the controversy were gifts by the plaintiff to the defendant.

There was a finding for the defendant on all counts.

The plaintiff having died, the action is now being prosecuted by his widow as administratrix.

The principal question for decision is whether there was a gift of certain lots of land and sums of money by the plaintiff's intestate to the defendant.

It is not in dispute that on or about September 30, 1947 Batista paid $1700.00 to James Harwood and Emma Harwood, husband and wife, for a warranty deed of four lots of land in New Bedford in which deed he had the defendant, with whom he was on friendly terms, named as grantee. Simultaneously, the defendant signed, sealed, acknowledged and delivered to Batista a warranty deed, in statutory form of the same lots of land. Batista caused the deed from the Harwoods to the defendant to be recorded but he did not record the deed from the defendant to him. On or about September 14, 1953, the defendant, without Batista's knowledge, sold the land for $1800.00 to one Arruda, a *bona fide* purchaser, and has retained the proceeds of that sale which she admits were $1600.00 net.

There was evidence by Batista that after the land was purchased from the Harwoods, he paid to the defendant sums of money for taxes and sewer assessments against the land. The defendant testified that she paid the taxes on the land in 1949 and 1950 with her own funds. She admits receiving from Batista money for taxes and sewer assessments but claims some of it was for herself and some for registering an automobile which she said Batista gave her. This is the automobile which is involved in *Batista v. Sylvia*, No. 7047.

When, as part of his case, Batista offered in evidence the unrecorded warranty deed which the defendant had executed and delivered to him, the defendant objected to its admission and the judge excluded it, even before he had heard the defendant's evidence. Batista made several other attempts to have the deed admitted, but to no avail. Offers of proof relating to the deed and its intended effect were ineffectually made by Batista who claimed a report.

The claim for a report was not reduced to writing nor filed with the clerk within five days after rulings. See Rule 27 of Rules of the District Court (1950). However, there is no doubt nor uncertainty whatever as to the authenticity of the deed or that it was offered and excluded. Nor is there the slightest doubt that it was executed and delivered under the circumstances already narrated. Justice requires that the matter be considered on the merits.

The plaintiff duly filed requests for rulings of law relating to the deeds and their legal effect. Number three was,

"The evidence warrants a ruling that the warranty deed executed by defendant was a valid deed divesting defendant of her rights to the land conveyed thereby."

Number 16,

"The evidence warrants a ruling or finding as matter of law that the deed paid for by plaintiff and running from Harwood et ux to defendant was not a gift of real estate to defendant."

The judge denied number 3 ". . . for the reason that I find that the old deed from James Harwood et ux to the defendant was a gift." He denied number 16 on the ground that ". . . while the evidence may warrant the findings requested it does not compel such findings." The judge made a finding "on all the evidence . . . the deed from Harwood et ux to the defendant was meant as a gift."

█ There was prejudicial error of law in the exclusion of the unrecorded deed from the defendant to the plaintiff and in the finding that the Harwoods' deed to the defendant was a gift. The warranty deed signed and sealed by the defendant and by her delivered to Batista contemporaneously with the deed from the Harwoods to her, conclusively negatived any intention or purpose of a gift. A gift was not effected by the plaintiff's intestate because the property was not put beyond his recall. *Commissioner of Corporations and Taxation v. Ayer*, 323 Mass. 579, 583. There is nothing in the evidence to indicate any words or act of gift on Batista's part when the papers passed. On the contrary, the warranty deed which the defendant signed, sealed, acknowledged and delivered to Batista was sufficient, as between defendant and Batista, to transfer the defendant's whole title to Batista even though the deed was unrecorded. *Cooper, Administratrix v. Monroe*, 237 Mass. 192. *Boston v. Quincy Market Cold Storage and Warehouse Company*, 312 Mass. 638. The defendant had no title remaining to her to support her claim of gift.

█ There is nothing in the record to justify a finding that the Harwood deed to the defendant was a gift of land by Batista. Nor was there any evidence of a gift afterwards. There was testimony in the form of an answer by the defendant to an interrogatory that after the conveyance of the land "the only conversations with the plaintiff were instances when plaintiff referred to the land as defendant's land and when plaintiff gave her money to pay taxes and assessments thereon."

References to the land as the defendant's land after the conveyance, even if such references were in fact made, and the payment of money to the defendant for taxes and assessments, would be insufficient to effect a gift of the land to the defendant. There must be a completely executed transfer to pass title by way of gift. *Iantosca v. Iantosca*, 324 Mass. 316, 321. The plaintiff had title and never transferred it to the defendant. He denied that he made a gift of the land to the defendant.

The situation presented here comes within the familiar rule that when the money for the purchase of land is paid or provided by one person, and the deed is taken in the name of another, there is a resulting trust created by implication of law in favor of the former. *Gerace v. Gerace*, 301 Mass. 14, 17. See also, *Bodman v. Martha's Vineyard Nat. Bank,* 330 Mass. 125; *Collins v. Gurtin*, 325 Mass. 123; *Carroll v. Markey*, 321 Mass. 87; *MacNeil v. MacNeil*, 312 Mass. 183; *Druker v. Druker*, 308 Mass. 229; *Gowell, Executrix, v. Twitchell*, 306 Mass. 482; *Assessors v. Trustees of Boston College*, 296 Mass. 399; *Williams v. Commercial Tr. Co.*, 276 Mass. 508; *Quinn v. Quinn, Administratrix*, 260 Mass. 494.

The defendant without the knowledge or consent of Batista has sold the land to a *bona fide* purchaser. She has placed the land beyond the plaintiff's reach but she has received from that sale $1600. net. That is the amount the plaintiff seeks to recover under count 2, being the count for money had and received. The right to recover in an action for money had and received depends "on the obligation to restore that which the law implies should be returned, where one is unjustly enriched at another's expense." *Rabinowitz v. People's Nat. Bank*, 235 Mass. 102, 103. *Flavin, Executor v. Morrissey*, 327 Mass. 217. *Cobb v. Library Bureau*, 268 Mass. 311, 316. On that ground, the plaintiff is entitled to judgment under count 2 for $1600.00 that being the net proceeds

from the sale of the land to Arruda, together with interest from the date of the writ.

In his memorandum of findings in case 7047 the judge found that $400.00 which the defendant received from the plaintiff's intestate was used as follows: For sewer assessments $200.33, taxes in the amount of approximately $100.00, and the balance was used to register the automobile and pay the insurance on the same. The plaintiff requested a ruling, number 2, that "The evidence warrants a ruling that the money advanced by the plaintiff to defendant was not a gift." The judge denied the requested ruling on the ground that "while the evidence may warrant the findings requested it does not compel them." There was evidence which would warrant a finding that the money paid by Batista to the defendant was not a gift but was intended by him to be applied to the payment of taxes and other assessments against his land and not for registering the Chrysler automobile or paying for the insurance on it. As the judge's finding for the defendant is based on a finding that the Chrysler automobile was a gift to the defendant, a finding which we hold to be erroneous, we cannot say that his treatment of Batista's request was not at least affected by the same error insofar as part of the money is concerned. *Brodeur v. Seymour,* 315 Mass. 527; *Hoffman v. Chelsea,* 315 Mass. 54; *Liberatore v. Framingham,* 315 Mass. 538.

There is to be a new trial, limited, however, to counts 3 and 4, for the purpose of determining what amount of money, if any, is due from the defendant to plaintiff's estate, credit to be given to the defendant for such sums as she may have spent for the benefit or in behalf of plaintiff's intestate.