**STATE ex SNYDER et v YOTER**

Ohio Appeals, 9th Dist, Summit Co.

Decided October 13, 1939.

Waters, Andress, Wise, Roetzel & Maxon, Akron, for appellees.

Arthur L. Sidnell, city solicitor, Akron, for appellant.

## OPINION

By WASHBURN, PJ.

This action was begun in the Court of Common Pleas, where plaintiff sought a writ of mandamus against the building inspector of the city of Cuyahoga Falls, directing the latter to issue to the relators a permit to build a dwelling house in that city, which permit the inspector had denied. The trial court declared some of the provisions of the building code in question to be unreasonable and not enforceable, because they violated the constitutional rights of relators.

An appeal on questions of law was filed, and the cause was submitted to the court on the bill of exceptions and the original papers.

526

in 1923, before the era of fabricated houses, the city of Cuyahoga Falls established a building code regulating the construction of buildings in the city, including dwelling houses; it required the submission of plans, which, if approved by the inspector as a compliance with the building code, entitled the builder to have issued to him by the inspector a permit to build.

The code established allowable stresses, and specified the sizes of studs and joists necessary to obtain such stresses in the conventional type of dwelling house, and required the specifications to provide for the same before the builder was entitled to a permit.

To guard against such requirement being considered arbitrary and unreasonable, the code provided that if new types of construction were developed to provide the allowable stresses, any such new type should be subject to tests under the direction of the inspector and at the expense of "the owner, manufacturer or patentee."

If the tests showed that the new type accomplished the required safety by the use of different sizes of studs and joists or other devices, it was the duty of the inspector to grant the permit.

"1. The determination of the question whether or not building regulations prescribed by an ordinance are reasonably necessary for the safety of the public is committed in the first instance to the judgment and discretion of the legislative body of the municipality, and unless it is clear that such regulations are unreasonable and arbitrary or have no real or substantial relation to the public health, safety, morals, or general welfare, the courts will not hold the same invalid." **City of Dayton v S. S. Kresge Co., 114 Oh St 624, 151 N. E. 775, 53 A. L. R. 916.**

In the foregoing case there is quoted with approval the following statement of Mr. Justice Clarke of the United States Supreme Court, referring to the proper attitude of the court with reference to the enforcement of a local police regulation, to-wit:

" 'It will interfere with the action of such authority only when it is plain and palpable that it has no real or substantial relation to the public health, safety, morals, or to the general welfare.' "

In subsequent decisions by the Supreme Court of Ohio, the statement quoted from City of Dayton v S. S. Kresge Co., supra, has been cited with approval, and is generally followed by the courts in Ohio.

In this case we do not conclude that it is clear that the aforementioned provisions of the building code of Cuyahoga Falls are unreasonable and arbitrary, nor do we conclude that it is plain and palpable that they have no real or substantial relation to the safety of the public, and for that reason we do not agree with the conclusion of the trial court that they are invalid. Such provisions are common in building laws, and, so far as we are able to ascertain, their validity has not been questioned, because their reasonableness and relationship to public safety have generally been recognized.

In the case at bar, the owner of a lot in Cuyahoga Falls, desiring to build thereon a dwelling house of a new and patented type—one that did not contemplate the sizes of studs and joists required by the building code—applied to the inspector for a permit to construct the building according to plans and specifications which did not provide for studs and joists of the size and arrangement specified in the building code. The permit was denied, and nothing was said about a test being made "under the direction of the building inspector"; but reports of tests made in other states were shown the inspector.

The inspector might have requested a test as provided in the code, but he was not required to do so.

The owners (if the building code provisions were valid in law) did not have

a clear legal right to a writ of mandamus compelling the inspector to approve of the new type of construction and issue a permit, without at least offering to make a test under the direction of the inspector and at the expense of "the owner, manufacturer or patentee."

If the inspector was content to grant a permit upon reports of tests not made under his supervision, well and good; but if he refused to do so and denied the permit, the owners were not entitled to control the inspector's judgment by court order.

If the owners comply with the building code, they are then in a position to present to a court the question of the reasonableness of the acts of the inspector.

The trial court found that the municipality had no power to adopt and enforce some of the provisions of the building code involved in this case, and with that conclusion of law we are not in accord.

The judgment is reversed, and the cause is remanded to the Common Pleas Court, with instructions to afford the owner an opportunity to make the test provided in the building code if they desire to do so, and to order the inspector to comply with the provisions of the building code in reference to such test, and, if the inspector finds that the new type of construction provides the allowable stresses required by the building code, to issue the permit; and if he does not so find, to report that fact to the court. In the event the latter report is made, the court is ordered to afford to the parties an opportunity to present to the court for decision the question of the reasonableness and validity of the inspector's finding.

The judgment is reversed, and the cause remanded for proceedings in accordance herewith.

Judgment reversed and cause remanded.

DOYLE and STEVENS, JJ., concur.