GLADYS MITCHELL, individually and as executrix, vs.
HOPE G. CARRELL.

Suffolk.    April 9, 1947. — June 11, 1947.

Present: FIELD, C.J., QUA, DOLAN, RONAN, & WILKINS, JJ.

*Trust*, Resulting trust. *Gift*. *Joint Tenants*. *Real Property*, Joint tenancy. *Equity Pleading and Practice*, Counterclaim, Decree.

A finding, that a woman, in paying the entire purchase price for real estate and taking title in the names of herself and of a friend as joint tenants, intended to make a gift of the joint interest to the friend, precluded any implication that the friend held such interest on a resulting trust in favor of the woman or, after her death, of the sole devisee under her will; and, upon the death of the woman, the friend became the sole owner of the property.

A final decree in a suit in equity, in addition to disposing of the plaintiff's case, should have disposed of matter in the defendant's answer which, although not there "described clearly as by way of counterclaim" in conformity to Rule 32 of the Superior Court (1932), was a counterclaim in substance and was not attacked as to form by the plaintiff.

BILL IN EQUITY, filed in the Superior Court on April 17, 1946.

The suit was heard by *Williams*, J.

*C. C. Steadman*, (*F. J. Ulman* with him,) for the plaintiff.

*R. H. Lee*, for the defendant.

QUA, J.    The plaintiff sues as the executrix of the will of Doris M. Ware, late of Boston, and also in her individual capacity as the sole devisee under the will. The defendant was formerly a close friend of the deceased and lived with her, both women being unmarried. In June, 1931, during the existence of this friendship, the deceased, Miss Ware, contracted with a land company for the purchase of a cottage and land in Scituate. Title was conveyed by the land company to Miss Ware and the defendant as joint tenants. Miss Ware died in 1945. The plaintiff contends that Miss Ware paid the entire purchase price of the property; that a resulting trust arose in Miss Ware's favor; and that the plaintiff as Miss Ware's devisee now has equitable title to

the property. She prays that a trust be declared and that a conveyance to her be decreed. The defendant contends that as surviving joint tenant she is the sole owner of the property free of trust.

The defendant included in her answer an allegation that Miss Ware had at times rented the property and kept the entire proceeds. The defendant prays for an accounting and also for injunctive relief against interference with her enjoyment of the property.

The judge made findings of fact and entered a final decree dismissing the bill. The plaintiff appeals. The evidence is reported.

Although the judge found that Miss Ware paid the entire consideration for the purchase of the property, he also found that the defendant received her title as a gift. After a careful reading of the evidence, and in view of the relations of Miss Ware and the defendant at the time the purchase was made, we see no reason to question the correctness of the finding that Miss Ware made a gift to the defendant of the defendant's half interest in the property, which by Miss Ware's death became the entire interest. We pass over without deciding the question whether payment of the entire purchase price will raise a resulting trust in favor of the person who pays it where, as here, the title is taken jointly by him and another just as it may where the title is taken in the name of a single grantee other than the person paying. See Restatement: Trusts, § 441, comment e; *Ciarlo* v. *Ciarlo*, 244 Mass. 453. For the purposes of this case it is enough that the finding of an intent to make a gift overcomes any implication of a resulting trust. *Livermore* v. *Aldrich*, 5 Cush. 431, 436. *Pollock* v. *Pollock*, 223 Mass. 382, 384. *Daniels* v. *Daniels*, 240 Mass. 380, 385. *Moat* v. *Moat*, 301 Mass. 469, 471. *Gowell* v. *Twitchell*, 306 Mass. 482, 486. Restatement: Trusts, §§ 441, 447. The plaintiff's bill was rightly dismissed.

But the defendant's answer contains all the elements of a counterclaim, and although it does not comply with Rule 32 of the Superior Court (1932) in that it is not "described clearly as by way of counterclaim," no demurrer

or motion to strike was filed, and it is still in the case. *Royal Indemnity Co.* v. *Perry*, 296 Mass. 149, 153. To the ·extent that the counterclaim asserts rights arising against the deceased in her lifetime it runs against the plaintiff in her capacity as executrix. No reason appears why the plaintiff should have sued in her representative capacity, since she claims the property only in her individual capacity as devisee. See *Cook* v. *Howe*, 280 Mass. 325, 328. She did, however, sue in both capacities, and we construe her appeal as likewise taken in both capacities. The evidence does not support any part of the counterclaim. For the sake, therefore, of a complete disposition of the cause in all its aspects we think that the counterclaim should be dismissed. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52, 55.

The final decree is to be modified by adding a provision dismissing the counterclaim, and as so modified is affirmed with costs to the defendant.

*So ordered.*