People ex rel. State Bank and Trust Company et al., Appellants, v. Thomas C. Moore et al., Appellees.

Gen. No. 44,031.

Opinion filed June 25, 1947. Rehearing opinion filed November 19, 1947. Released for publication December 24, 1947.

PHILIP R. TOOMIN, of Chicago, and SHANESY & HOBBS, of Evanston, for appellants; PHILIP R. TOOMIN, of Chicago, of counsel.

PETER J. STRUCK, HENRY L. WELLS and CHARLES C. WOOSTER, all of Chicago, for appellees; CHARLES C.

Wooster and Harold L. Summerfield, both of Chicago, of counsel.

ON REHEARING.

Mr. Presiding Justice Lewe delivered the opinion of the court.

On March 12, 1946, plaintiffs applied to defendant Thomas C. Moore, building commissioner of the Village of Skokie, Illinois, for a permit to construct an outdoor motion picture theatre on the twenty-acre tract of land lying at the southeast corner of Skokie highway and Simpson street. The application was denied.

On June 7, 1946, plaintiffs filed a complaint praying for a writ of mandamus directing defendant Moore to issue the permit for the construction of the outdoor theatre and for an order enjoining the board of trustees of the village from interfering with the issuance of the permit. Defendants answered and, on motion of plaintiffs, filed a bill of particulars. All the proofs were closed on October 3, 1946. At that time the trial court announced "The petition for mandamus is denied," and directed that an order be drawn accordingly. On the following day, October 4, 1946, plaintiffs filed a petition to reopen proofs. On October 8, the trial court denied plaintiffs' petition to reopen the proofs and entered a formal judgment order denying the writ of mandamus. Plaintiffs appeal from both orders.

The sole ground upon which the court based its decision denying the writ was plaintiffs' failure to file plans and specifications with their application for a permit.

The pertinent allegations of the complaint relating to plans and specifications are contained in paragraph 7, which reads as follows:

"That petitioners duly executed and delivered their written application for said permit upon the form re-

quired by said defendant Moore and at the same time delivered to him several copies of detailed plans and specifications covering the proposed construction; that said applications and said plans and specifications with respect to the proposed construction complied in all respects with the requirements of the ordinance above referred to and with each and every ordinance of the Village of Skokie, Illinois then in effect and pertaining to such application and governing the construction of the improvements of the type proposed to be erected upon the tract.''

In their answer (par. 7) defendants deny that the plans and specifications as filed with the building commissioners on March 12, 1946, comply in all respects with each and every ordinance of the Village of Skokie, Illinois and in particular failed to comply with the zoning ordinance then and now in effect as alleged in paragraph 7 of said complaint.

Afterward, on plaintiffs' motion, defendant filed a bill of particulars setting forth certain sections of the village zoning ordinance which defendants claim classified plaintiffs' premises as a residential district, and that the construction of an outdoor theatre was prohibited.

Plaintiffs maintain that defendants' denial in paragraph 7 of their answer was not in proper form, nor was it unequivocal, and that since the bill of particulars alleges only violations of the zoning ordinance as a defense, the other allegations in paragraph 7 of the complaint with reference to filing plans and specifications stand admitted.

The rule has been repeatedly announced that on application for a writ of mandamus plaintiffs are not entitled to a building permit unless they submit plans and specifications which in all respects comply with the building code of the city or village where the application is made. (*Tews v. Woolhiser,* 352 Ill. 212; *Mills v. White,* 304 Ill. 256; *People v. Busse,* 248

Ill. 11.) In the *Busse* case allegations substantially the same as those appearing in paragraph 7 of the present complaint were held to be mere legal conclusions.

The record shows that one Raymond J. Marks, called by plaintiffs, testified that he was "one of the individuals concerned in the corporation leasing the property; . . . my brother and I went out to the village of Skokie and received the proper application forms which our architect then filled out; after he filled them out we took the applications plus the plans and specifications and brought them back to the village counsel in Skokie." Plaintiffs offered a plat in evidence (Ex. 36) which the witness testified was "delivered to the building commissioner or his office with plans and specifications." So far as the record shows this is the only evidence offered by plaintiffs tending to show that plans and specifications were delivered to the building commissioner with the application.

Thomas Moore, building commissioner, called by defendants testified that the plat offered in evidence by plaintiffs (Ex. 36) was never filed with him. This plat bore date April 15, 1946, which was three days after plaintiffs' application was filed. Witness Moore produced two plats in court which he said were filed by plaintiffs with the application. After comparing the plats produced by the witness Moore with plaintiffs' Exhibit 36 the witness pointed out some dissimilarities between plaintiffs' plat Exhibit 36 and those produced by the witness. Thereupon plaintiffs' counsel withdrew Exhibit 36 and offered in evidence without objection one of the plats produced by Moore, as plaintiffs' Exhibit 39.

Felix Bernham, called by defendants, testified that he was a licensed architect for thirty-two years in the State of Illinois; that he had designed and superintended the construction of many buildings in Chicago and Cook county and was familiar with plans and

specifications; that plaintiffs' Exhibit number 39 is a blueprint of a sketch and a plot plan for a drive-in theatre; that "no specifications are shown on that drawing; no sewer or plumbing facilities are shown, nor are there any elevations; no material is designated, nor anything shown from which it can be determined what it is to be built or constructed of; there are no full and complete dimensions for the construction of a building shown on this plat, and if I were confined to the plan I could not construct, superintend or supervise the construction of anything from it."

Under the authorities cited above the filing of plans and specifications with the application was an essential element of the plaintiffs' cause of action. In the present case no plans or specifications were attached to the complaint and none were offered in evidence. Plaintiffs' case rests solely on the testimony of Marks and the plat Exhibit 39. In this state of the record, the trial court was warranted in denying the writ.

Plaintiffs contend that the court erred in denying their petition to reopen the proofs. The petition alleges in substance that detailed plans and specifications were filed with the building commissioner on March 12, 1946, and that such fact was known to defendant Moore at the time he gave his testimony; that Moore produced in court only one sheet of a complete set of detailed drawings, and that the facts regarding the filing of the plans and specifications were first communicated to plaintiffs' attorneys after the closing of proofs.

In their petition for rehearing plaintiffs' counsel say that since no issue was raised by the pleadings as to the filing of plans and specifications they made no inquiry "as to the true facts with regard to the plans actually filed"; and that they were and are ready to prove that the application and plans and specifications were filed by plaintiffs' representative with the building commissioner.

We think the chancellor should have reopened the proofs to permit plaintiffs to establish the allegations of their petition that detailed plans and specifications had been filed with the building commissioner on March 12, 1946. Had this been done the controversy could have been speedily and finally determined according to the substantive rights of the parties and no prejudice to defendants would have resulted. In the event plaintiffs are able to establish by satisfactory evidence that detailed plans and specifications were delivered as alleged in their petition to reopen proofs, and the chancellor so finds, then the trial should proceed for the purpose of determining the other issues raised by the pleadings.

For the reasons given, the judgment order denying the writ of mandamus is reversed and the cause is remanded for further proceedings not inconsistent herewith.

*Reversed and remanded with directions.*
KILEY and BURKE, JJ., concur.