ALICE ARTEMIS & others *vs.* WILLIAM MALVERS & another.

Essex.      November 5, 1947. — December 4, 1947.

Present: QUA, C.J., DOLAN, WILKINS, SPALDING, & WILLIAMS, JJ.

*Deed*, Delivery.

A decree in a suit in equity that a deed of real estate found among the effects of the grantee after his death was void was proper on the ground that it never had been delivered where evidence warranted findings that the deed, duly executed, had been delivered to a bank to aid it in considering an application of the grantee for a loan and was to be delivered to the grantee only if the loan was granted, and that the loan never was granted.

BILL IN EQUITY, filed in the Superior Court on January 29, 1947.

The suit was heard by *Swift*, J.

*L. A. Terrazzano*, for the plaintiffs.

*G. Karelitz*, for the defendants.

WILLIAMS, J. This is a bill in equity by Alice Artemis and the other heirs of George Mitropoulos in which Alice Artemis also joins as administratrix of the estate of said Mitropoulos. The plaintiffs allege that Artemis and Mitropoulos became owners as tenants in common of a certain tenement house property in Haverhill by deed of the de-

fendant William Malvers, dated June 1, 1944; that by agreement said deed was not presently to be recorded; that in fact it was not recorded until August 29, 1946; that on March 2, 1945, Mitropoulos died; that on May 11, 1945, William Malvers conveyed the property to his brother, the defendant Charles Malvers, without consideration and with knowledge on the part of Charles of the outstanding and unrecorded deed; and that Charles has brought summary process to eject two of the plaintiffs, Basilo and Katherine Mitropoulos, who are occupants of the premises. The bill seeks to enjoin further proceedings in the action of summary process and to have the deed from William to Charles cancelled.

The defendants' answer admits the conveyance from William to Charles, but alleges that the unrecorded deed to Artemis and Mitropoulos was never delivered to them by the grantor, but was obtained by them from the Haverhill Coöperative Bank, which was holding it for the purpose of having the title to the premises examined. By way of counterclaim the defendants pray that the plaintiffs "be ordered to turn over to the defendants, and to cancel, the said deed."

The action for summary process was tried with this bill in equity before a judge of the Superior Court. There was a finding for the defendant Charles for possession. No exceptions are pending.

An appeal from a final decree dismissing the bill in equity is before us. The evidence is fully reported, but the judge has made no findings of fact. It is the duty of this court to decide the case upon its own judgment of the evidence, giving due weight to the findings implied in the decree of the trial judge. The record is confused, partly due to the joint trial of the two cases. It does not appear, however, that the judge was plainly wrong. The property in question was formerly owned by the deceased George Mitropoulos, subject to a mortgage to the Haverhill Savings Bank. William Malvers purchased the property after a foreclosure by the bank. Shortly thereafter Mitropoulos talked with Malvers about repurchasing his property. It was arranged

between the two men that if Mitropoulos could raise a mortgage of $2,500 with the Haverhill Coöperative Bank Malvers would sell him the property for $4,000, taking back a second mortgage of $700 and receiving $800 in cash. To facilitate the mortgage transaction between Mitropoulos and the bank, Malvers and his wife executed a quitclaim deed which was left with their attorney to be deposited with the attorneys for the bank. This was the unrecorded deed of June 1, 1944, to which reference is made in the plaintiffs' bill. It is inferable from the testimony that this deed was given to the bank's attorneys to aid the bank in passing on the mortgage application of Mitropoulos. It was the understanding of the parties that it should be returned to the grantor if the bank mortgage did not eventuate. In fact the mortgage never went through, but the deed was not returned to Malvers. In some way, which is not disclosed by the testimony, the deed came into the hands of Mitropoulos, among whose papers it was found after his death.

When a deed regularly executed is found in the hands of a grantee the presumption is that it has been duly delivered, *Ward* v. *Lewis*, 4 Pick. 518, but delivery with intent to pass title is a question of fact. *Butrick* v. *Tilton*, 141 Mass. 93. Here the evidence warranted a finding that the delivery of this deed was made, not to either grantee, but through the grantor's attorney as an escrow to the bank on condition that if a mortgage should be granted to Mitropoulos the deed would be delivered to him. This condition never was performed, and, although the deed in fact came into the possession of Mitropoulos, it was void and of no effect. *Daggett* v. *Daggett*, 143 Mass. 516, 520. No title to the premises passed from William Malvers to the named grantees. The defendant Charles Malvers is the present holder of the title free from any claim or claims of the plaintiffs or any one of them.

As the judge has not disposed of the defendants' counterclaim the final decree should be modified by declaring the deed of June 1, 1944, void, ordering said deed to be returned to the defendant Charles Malvers, and permanently enjoining the plaintiffs or any one of them from asserting

any right or title under said deed. *Blume* v. *Oil-O-Chron, Inc.* 287 Mass. 52. *Nevins* v. *Ward*, 320 Mass. 70. *Mitchell* v. *Carrell*, 321 Mass. 453. As so modified the final decree is affirmed with costs of appeal to the defendants.

*So ordered.*