KARL V. WOLSEY COMPANY, INC. *vs.* BUILDING INSPECTOR OF BEDFORD.

Suffolk.   April 6, 1949. — June 9, 1949.

Present: QUA, C.J., LUMMUS, RONAN, SPALDING, & WILLIAMS, JJ.

*Building Laws.   License.*

A judgment dismissing a petition for a writ of mandamus directing the building inspector of a town to issue a permit, under the building laws of the town, for the construction of a dwelling house was affirmed on appeal where it appeared that the petitioner had failed to file specifications in compliance with an express requirement of such building laws that he should accompany a written application for the permit with "a true copy of the plans and specifications"; G. L. (Ter. Ed.) c. 143, 3K, as inserted by St. 1947, c. 631, § 1, and as amended by St. 1948, c. 438, does not operate unless such plans and specifications have been filed.

PETITION, filed in the Superior Court on August 3, 1948, for a writ of mandamus.

The case was heard by *O'Connell,* J.

*A. M. MacNeil,* (*L. D. Goodale* with him,) for the petitioner.

*F. J. Kelley,* Town Counsel, for the respondent.

RONAN, J.   This is an appeal from a judgment dismissing a petition for a writ of mandamus to compel the respondent to issue permits for the construction of six dwelling houses in the town of Bedford.

The appeal comes here under G. L. (Ter. Ed.) c. 213, § 1D, inserted by St. 1943, c. 374, § 4, and such an appeal is similar in scope to an appeal in equity which opens for decision by this court all questions of law, fact and discretion. *Henderson* v. *Mayor of Medford,* 321 Mass. 732.   *Gilligan* v. *Registrars of Voters of Wilmington,* 323 Mass. 346.   *Hill* v. *Trustees of Glenwood Cemetery,* 323 Mass. 388.   *Caires* v. *Building Commissioner of Hingham,* 323 Mass. 589. *Needham* v. *County Commissioners of Norfolk, ante,* 293. The evidence has been reported.   The judge made no express findings of fact, but the judgment dismissing the petition imports a finding of every fact essential to support his conclusion.   *Berry* v. *Kyes,* 304 Mass. 56.   *Artemis* v. *Malvers,* 322 Mass. 136.   *Attorney General* v. *Woburn,* 322 Mass. 634.

It is the contention of the petitioner that it has complied with the building by-laws of the town except in so far as they have been superseded by the alternatives set forth in the regulations of the board of standards as provided by G. L. (Ter. Ed.) c. 143, §§ 3I, 3J, 3K, as inserted by St. 1947, c. 631, § 1, and as amended in §§ 3I and 3K by St. 1948, c. 438, that it has complied with these regulations, and that consequently it is entitled to the building permits from the respondent, who is authorized by § 4 of the building by-laws to issue such permits.

An owner has the right to build upon or otherwise to improve his land and to use and occupy it for any lawful purpose, subject to such reasonable restrictions as may be imposed in the public interest, *Kenney* v. *Building Commissioner of Melrose,* 315 Mass. 291, *Shea* v. *Inspector of Buildings of Quincy,* 323 Mass. 552; but he is not entitled to a

writ of mandamus to compel the issuance of a building or use permit unless he shows compliance with the governing regulations. Where the issue is raised, as in the instant case, he must prove that he filed plans and specifications with the inspector of buildings. *People* v. *Moore*, 332 Ill. App. 500. *People* v. *Morris*, 334 Ill. App. 557.

Section 4 of the building by-laws of the town, in so far as material, contains the following provisions: No building is to be erected "until written application for permit therefor shall have been filed with the Inspector of Buildings, accompanied by a true copy of the plans and specifications, nor until the Inspector of Buildings has had an opportunity to inspect the plans and specifications and the premises in question." He is to issue a permit if the plans and specifications are in accord with the by-laws and the laws of the Commonwealth, otherwise he shall withhold the permit and report the matter to the board of selectmen. The filing of plans and specifications is a requisite to obtaining a permit. A person aggrieved by any decision of the inspector may appeal in ninety days to a board of appeal appointed by the selectmen. The board shall hear and decide all matters referred to it.

These by-laws further emphasize the necessity for filing an application and plans and specifications, as they provide in § 3, defining the duties of the inspector, that he is to receive the application, that the plans and specifications shall be filed in duplicate with him and be dated and signed by him as soon as received, that, if approved, one copy thereof shall be returned to the applicant and the other shall be retained by the inspector and be filed in the office of the town clerk after the completion of the work, and that he shall not issue a permit until he has carefully examined the plans and specifications and ascertained that the proposed building conforms to law and regulations.

The petitioner is seeking relief under § 4 of the by-laws in so far as that section deals with the granting of permits by the inspector, and consequently must be deemed to have recognized the validity and the application of the section,

at least in reference to the matter of permits. Upon the refusal of the inspector to grant the permits the petitioner failed to request the selectmen to appoint a board of appeal to review the action of the inspector. It is true that there was no board of appeal, as there never was any previous occasion for its appointment. The evidence shows, and the judge could find, that the selectmen were ready to appoint such a board if the petitioner so requested. *Leone* v. *Brewer*, 259 N. Y. 386. *Brown* v. *Owego*, 260 App. Div. (N. Y.) 328, affirmed 284 N. Y. 655.

The general rule is that one seeking administrative action must pursue and exhaust the remedy provided for such administrative procedure before he can maintain a petition for a writ of mandamus. It would be necessary to decide whether there is anything contained in § 3K, as amended, of G. L. (Ter. Ed.) c. 143 that takes this case out of the general rule if the petitioner were otherwise entitled to the writ. The rule has been frequently applied where an applicant aggrieved by an adverse decision of a building inspector failed to appeal to an administrative board, as provided by the building code, and was barred from maintaining a petition for a writ of mandamus against the inspector to compel him to issue the permit. *Bellevue Hotel Co.* v. *Building Commissioner of Boston*, 299 Mass. 73. *C. & H. Co.* v. *Building Commissioner of Medford*, 303 Mass. 499. *Decker* v. *Moffett*, 6 N. J. Misc. 510. *Towers Management Corp.* v. *Thatcher*, 271 N. Y. 94.

There is nothing in the regulations of the board of standards that exempts one applying for a building permit from adequate filing of plans and specifications of the proposed dwelling house with the local officer authorized to grant the permit; nor can § 3K operate unless such plans and specifications have been filed. The very section of the by-laws upon which the petitioner relies expressly requires the filing of plans and specifications as a condition precedent to the granting of a permit. Doubtless, this is a reasonable and necessary provision in any adequate plan regulating the erection of buildings. "The requirement for submission to a

public officer of plans of proposed buildings showing location, size, material and details of construction has a rational connection with public welfare." *Commonwealth* v. *Atlas,* 244 Mass. 78, 82. *Inspector of Buildings of Burlington* v. *Murphy,* 320 Mass. 207, 210. *State* v. *Yoter,* 65 Ohio App. 492. It is difficult to see how one charged with the responsibility of determining whether a contemplated structure would comply with the governing regulations could arrive at an informed, intelligent, and correct judgment in the absence of specifications setting forth in a fair degree of definiteness and with sufficient particularity all the facts concerning the structure so that he would reasonably understand the various structural matters involved in the undertaking. Although the petitioner was advised by the selectmen after the applications were filed that "no construction specifications have been received," the petitioner did not thereafter file any such specifications. There is nothing in the contention of the petitioner that the applications constituted the specifications. In the first place, the by-laws, especially in § 3, plainly distinguish applications for permits from plans and specifications. Only one application is required. Plans and specifications must be filed in duplicate. They are dated and signed by the inspector to identify them as the instruments filed with him. On granting a permit one copy is returned to the applicant and one copy retained by the inspector to make certain that the actual structure will correspond with the building described in the plans and specifications for the erection of which the permit was granted. In the next place, an inspection of the applications shows that they fall far short of furnishing an adequate guide as to what an architect would need in supervising the erection of the building, or what work a contractor would be required to do in constructing the building, or what an inspector of buildings would have to know in order to determine whether he should issue or deny a permit. *Jaffarian* v. *Building Commissioner of Somerville,* 275 Mass. 267, 271–272. *People* v. *Chicago,* 280 Ill. 576. *Mills* v. *White,* 304 Ill. 256.

We need not discuss the other objections to the maintenance of the petition.

The judge could properly find upon all the evidence, as he impliedly did, that the petitioner never filed any specifications with the respondent and accordingly was not entitled to the issuance of the permits.

*Judgment affirmed.*