DOROTHY G. ECKSTROM *vs.* LAWRENCE J. ECKSTROM.

Suffolk. January 3, 1951. — March 6, 1951.

Present: QUA, C.J., LUMMUS, WILKINS, SPALDING, & WILLIAMS, JJ.

*Contract*, Delivery, Escrow, Validity.

A sealed contract, executed in duplicate by husband and wife domiciled in New York and, by oral agreement of the parties, placed in escrow with an attorney for delivery to the parties and effectiveness upon the wife's obtaining a divorce valid in New York within a reasonable time, never became effective and could not be the basis of an action by the wife against the husband where it appeared that a proceeding for divorce commenced by her had been dismissed so that she "did not conform to the terms of the oral agreement," and that there had been no actual delivery of the contract.

BILL IN EQUITY, filed in the Superior Court on July 24, 1947, the suit afterwards being amended into an action at law.

The action was heard without jury by *O'Connell*, J., who

found for the defendant on all counts of the declaration and reported the action.

*R. R. Clark,* (*F. Juggins* with him,) for the plaintiff.

*A. J. Santry,* for the defendant.

LUMMUS, J. This is an action at law on a written sealed contract between the parties dated on January 4, 1938, while both were domiciled in New York, after the parties had ceased to live together as husband and wife. The contract provided that the defendant would pay the plaintiff $4,615 at once and give her his note for $6,000 payable January 2, 1943, without interest. It provided that beginning January 1, 1938, and thereafter so long as the plaintiff should not remarry, the defendant would pay the plaintiff $1,984 a year in equal semimonthly instalments. It provided that in case the total annual income of the defendant should exceed $9,000, the defendant would pay the plaintiff thirty per cent of the amount by which his income should exceed $9,000 but should not exceed $14,000.

The declaration alleges in the first count that the defendant has failed to pay the plaintiff $3,500 of the $4,615 which was payable upon the making of the contract. It alleges in the second count that the defendant has failed to pay the plaintiff thirty per cent of his income in excess of $9,000. It alleges in the third count that the defendant has failed to pay the plaintiff the $1,984 a year called for by the contract.

The judge, sitting without jury, found the following facts. The parties were married in 1922. On May 22, 1937, the defendant obtained a decree of divorce in Nevada. The plaintiff did not appear in person or by attorney in the Nevada proceedings. Immediately after the entry of the Nevada decree the defendant married another woman in Nevada, and returned to New York with his new wife, with whom he cohabited in New York. The parties and their attorneys believed that the Nevada divorce would be held invalid in New York. The plaintiff, contending that the defendant was still her husband, began proceedings in New York to obtain support. As a result, the contract of January 4, 1938, was drafted and executed.

Before the contract of January 4, 1938, was executed, it was orally agreed between the parties and their attorneys that both executed copies of the contract would be held by one Turnbull, an attorney for the plaintiff, in escrow, and that if the plaintiff obtained a divorce that was valid in New York within a reasonable time, one copy would be delivered to each party and the contract would become effective. The plaintiff consented to this arrangement. On February 4, 1938, the plaintiff began an action for divorce in New York, alleging adultery in the defendant's relations with his new wife. In January, 1940, the report of a referee was filed. On March 4, 1941, that divorce action was dismissed by the court for want of prosecution. The judge found that "the plaintiff did not conform to the terms of the oral agreement." He found for the defendant. No delivery of the contract has actually been made to either party.

In *Howland* v. *Plymouth*, 319 Mass. 321, an assignment of a lease was made subject to the oral condition that the assignment have the consent of the landlord, which was not obtained. It was held that the assignment did not take effect. This court said (page 324), "The taking effect of a written instrument may by the understanding of the parties to it be made subject to a condition precedent of this kind, even though the condition rests only in parol, and even though physical delivery of the instrument has been made by one party to the other and, in this Commonwealth, even though the instrument is under seal." In *Elastic Tip Co.* v. *Graham*, 185 Mass. 597, 600, this court said, "It is settled that a completed instrument may be shown by parol to have been delivered on a condition which has not been performed." In *Hill* v. *Hall*, 191 Mass. 253, 265, it was said, "it is a question of fact whether any written agreement, though in the possession of the obligee, has been delivered by the obligor as a binding agreement, or whether any delivery that has been made is conditional only." In *Artemis* v. *Malvers*, 322 Mass. 136, an executed deed was given to a bank merely to aid it in considering the granting of a mort-

gage, and was given by the bank to the grantee when the mortgage was not granted, although the understanding was that it should be delivered to the grantee only in case the mortgage was granted. It was held that the deed was void for want of delivery. The law of New York likewise recognizes that even a sealed instrument may be shown by parol to have been delivered on an unperformed condition precedent. *Blewitt* v. *Boorum*, 142 N. Y. 357.

It is true that by statute in New York "a husband and wife cannot contract to alter or dissolve the marriage." Domestic Relations Law, § 51. There was in this case no contract to dissolve the marriage, but only a delivery in escrow. It has been held that an escrow arrangement, making a contract valid only on the obtaining of a divorce, is not invalid. *Abeles* v. *Abeles*, 197 Misc. (N. Y.) 913, decided in 1950, following *Butler* v. *Marcus*, 264 N. Y. 519.

*Judgment on the finding for the defendant.*