OTTO F. ANDERSON vs. HILMA M. SALMINEN.

Worcester.    September 27, 1955. — November 9, 1955.

Present: QUA, C.J., RONAN, SPALDING, WILLIAMS, & COUNIHAN, JJ.

*Trust*, Resulting trust.

Evidence reported in a suit in equity to establish a resulting trust in real estate in a purchase of which the plaintiff paid a portion of the purchase price and had title taken in the name of the defendant, who assumed and agreed to pay a mortgage thereon for the balance of the price and subsequently paid the instalments due under the mortgage from the proceeds of a rooming house on the premises, did not show to be plainly wrong findings by the trial judge that the plaintiff intended to make a gift to the defendant and that he had no beneficial interest in the premises, and a decree dismissing the bill was affirmed.

BILL IN EQUITY, filed in the Superior Court with a writ of summons and attachment dated November 24, 1953.

The suit was heard by *Meagher*, J.

*J. Alfred Anderson*, for the plaintiff.

*Paul G. Gearan*, (*Rauni V. Helin* with him,) for the defendant.

RONAN, J.    This is an appeal from a final decree dismissing a bill brought to establish a resulting trust in certain real estate in Fitchburg. The case is here with a transcript of the evidence and a report of the findings of fact.

The defendant, a widow, together with her son came from Detroit to Fitchburg in 1950. The plaintiff, who was a drug clerk for many years, was then living separate and apart from his wife. After he left his wife he lived in a rooming house for a month, taking his meals out. He then moved to a rooming house at which the defendant was living and took his meals with her for four or five months. The defendant's son then entered the army, and the plaintiff hired a furnished apartment in Ashby and employed the defendant as housekeeper paying her $25 a week. They lived at Ashby for three months. The parties thereafter resided in different places. The plaintiff and the defendant inspected

the property in question early in November, 1951. The plaintiff made a down payment of $500 on November 9, 1951, taking the receipt in the name of the defendant, and on November 15, 1951, had the premises conveyed to the defendant who by the terms of the deed assumed and agreed to pay the mortgage on the premises which at that time amounted to $8,195.93. The balance of the purchase price amounting to $5,804.07 was paid by the plaintiff. She also signed an instrument guaranteeing the payment of the mortgage. The plaintiff purchased furniture from the grantor and took the receipt in the name of the defendant. She paid the gas and water bills. He furnished the heat and purchased some of the food. He had a two car garage constructed and an oil burner and a hot water heater installed at his expense. He did painting and some repairs. The plaintiff testified that he did not want to have the property in his name because he was apprehensive that his wife might bring a libel for divorce against him and attach the property. She brought a petition for separate support on February 29, 1952, and made various attachments of his property.

He prepared an application for a tax abatement on the ground that the property was owned by the defendant, a widow, and the latter when the abatement was granted turned the money into the property by paying it to the mortgagee bank. No one other than the defendant agreed to assume and pay the mortgage, and no one other than the defendant has paid the instalments on the mortgage as they became due. The plaintiff testified that he gave her whatever money she needed in regard to the house. He gave her enough money to get along. "She needed clothes, shoes . . . ." In April, 1951, she accompanied him together with another couple on a four weeks' vacation in Florida. The judge found that the plaintiff intended that the defendant should be the owner of the premises, that he had no interest therein, and that it was after his reconciliation with his wife that he first requested the defendant to give him a mortgage for the amount he had expended. This was the

first time that he indicated that the transfer of the premises was not intended as a gift to her. An examination of the record does not show that the judge was plainly wrong in making these findings. *Spiegel* v. *Beacon Participations, Inc.* 297 Mass. 398, 407. *Mendelsohn* v. *Leather Manuf. Corp.* 326 Mass. 226, 237. There was no agreement that the plaintiff was to have the property or any aliquot part of it on account of his payments. Where, as here, the plaintiff is claiming a resulting trust in all the property, he is not entitled to prevail in the absence of proof that the entire consideration was furnished by him. The defendant alone assumed the payments due under the mortgage and paid the instalments thereon when they became due. These payments on the mortgage were made by her from the proceeds which she earned in conducting the rooming house. This was in accordance with the agreement of the parties made at the time of the transfer to her. The $25 which he paid to her each week was not for the purpose of enabling her to pay the amount required by the mortgagee bank but was for the room, board, and laundry services furnished by the defendant. He never requested an accounting from her relative to the rooming house business which he testified she was conducting for him. More significant, perhaps, is the fact that he left the premises which he now claims to own, surrendering the keys to the house and garage and leaving valuable papers, which he now says belonged to him, in a folder in her room. In all the circumstances, and especially in view of the findings that he intended the conveyance to be as a gift and that he had no beneficial interest in the premises, there was no error in dismissing the bill. *Moat* v. *Moat*, 301 Mass. 469. *Cohen* v. *Simon*, 304 Mass. 375. *Carroll* v. *Markey*, 321 Mass. 87. *Mitchell* v. *Carrell*, 321 Mass. 453, 454. *Saulnier* v. *Saulnier*, 328 Mass. 238. *Charest* v. *St. Onge*, 332 Mass. 628. Restatement: Trusts, §§ 441, 447.

The decree dismissing the bill must be affirmed with costs of the appeal.

*So ordered.*